Jane MEYER, Plaintiff,

v.

EMPLOYERS HEALTH INSURANCE COMPANY and Fleet Services, Inc., Defendants.

Civ. A. No. 88–C–1187.

United States District Court, E.D. Wisconsin.

Sept. 21, 1989.

Christopher McConville, Greenfield, Wis., Kmiec Law Offices, for plaintiff.

Clifford Haggenjos, Robert C. Burrell, Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

### FACTS

On October 24, 1988, Jane Meyer commenced an action against Employers Health Insurance Company ("Employers")

and Fleet Services, Inc., in the Circuit Court for Milwaukee County, Wisconsin, alleging that defendants arbitrarily and capriciously refused to pay for medical treatment covered under her insurance contract.[1] Plaintiff claimed that defendants (1) breached their insurance contract with her, (2) tortiously interfered with the contractual relationship she had with her doctor, and (3) intentionally inflicted emotional distress on her. Each of plaintiff's causes of action were based on Wisconsin law, and she requested contract, compensatory, and punitive damages.

On November 7, 1988, the defendants filed a petition to remove the case to this court on the grounds that plaintiff's claims raise questions governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. (1988).

On June 15, 1989, defendants moved for summary judgment against all three of the plaintiff's state law claims, arguing that (1) there is no genuine issue as to any material fact and (2) each state law claim is preempted by ERISA. On June 30, 1989, plaintiff contested both of defendants' assertions but moved the court to amend her complaint to include ERISA remedies if the court held her state law claims to be preempted.

## DISCUSSION

### I

■ The federal district courts are courts of limited jurisdiction and have an affirmative duty to ensure that they have jurisdiction to hear the case or controversy in question. *Mansfield, Coldwater & Lake Michigan Ry. v. Swan*, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884). Although plaintiff has not objected to defendants' removal of this action, Fed.R.Civ.P. 12(h)(3) requires this court to dismiss an action "[w]henever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter." (emphasis added).

Defendants have removed plaintiff's claim pursuant to Title 28 U.S.C. § 1441(b) which provides that:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable....

Plaintiff's complaint, however, contains no federal law claims. Defendants argue that removal is proper because a suit by a beneficiary to recover benefits under an ERISA plan, even if based solely on state law claims, "arises under" a law of the United States within the meaning of 28 U.S.C. § 1441(b). There are, however, strict federal common-law limitations on removal being based on a claim that the state law cause of action "arises under" federal law. Thus, because of these limitations, this court will consider whether or not it has subject matter jurisdiction.

The meaning and breadth of the phrase "arising under" as it appears in both 28 U.S.C. §§ 1441(b) and 1331 (federal question jurisdiction), has been fertile ground for debate within the federal courts for many years. The United States Supreme Court acknowledged this debate in *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, when it wrote:

Since the first version of § 1331 was enacted, Act of Mar. 3, 1875, ch. 137, § 1, 18 Stat. 470, the statutory phrase "arising under the Constitution, laws, or treaties of the United States" has resisted all attempts to frame a single, precise definition for determining which cases fall within, and which cases fall outside, the original jurisdiction of the district courts. Especially when considered in light of § 1441's removal jurisdiction, the phrase "arising under" masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system.

463 U.S. 1, 8, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1982).

---

1. Fleet Services, Inc., the employer of plaintiff's ex-husband, issued a hospital and medical insurance policy to plaintiff's ex-husband which pro-vided coverage for plaintiff. Employers Health Insurance Company is the administrator of this insurance plan.

■ The Supreme Court, however, created a crude and effective limitation on the breadth of "arising under" in *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), which has come to be known as the "well-pleaded complaint rule." *See* Hart & Wechsler, The Federal Courts And The Federal System at 997–99 (3d ed. 1988). Essentially, this rule provides that a defendant cannot remove a case to federal court unless a federal claim appears in the plaintiff's complaint. The Court succinctly explained this rule in *Taylor v. Anderson* when it wrote:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914). The Court has repeatedly held this rule to be true even when the plaintiff's state law claim is preempted by federal law:

> Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987), *citing Franchise Tax Bd.*, 463 U.S. at 12, 103 S.Ct. at 2847.

■ There are, however, corollaries to the well-pleaded complaint rule which permit removal to federal court even when no federal claim appears on the face of plaintiff's complaint. *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3722, at 266–75 (2d ed. 1985). The corollary that is pertinent in this case is the "complete pre-emption" doctrine which was first articulated by the Supreme

Court in *Avco Corp. v. Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). The Court explained this doctrine in both *Caterpillar Inc.* and *Franchise Tax Bd.*:

> Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law. See *Franchise Tax Board, supra*, [463 U.S.] at 24 [103 S.Ct. at 2854] ("[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law").

*Caterpillar Inc.*, 482 U.S. at 386, 107 S.Ct. at 2426 (emphasis in original). The critical factor which permits removal under this doctrine is that federal law completely preempts an entire *area* of state law. This situation is distinguished from the case where federal law only preempts a state law claim and removal is not permitted. *Caterpillar Inc.*, 482 U.S. at 393, 107 S.Ct. at 2430.

■ In *Franchise Tax Bd.*, the Supreme Court addressed the question of whether or not ERISA completely preempts all state law claims. The Court held that "29 U.S.C. § 1144(b)(2)(A), makes clear that Congress did not intend to pre-empt entirely every state cause of action relating to such plans." 463 U.S. at 25, 103 S.Ct. at 2854. The Court, however, suggested that ERISA's civil enforcement provision may preempt the corresponding area of state law in such a decisive manner that a state law claim which was covered by the provisions would be one that arose under federal law:

> It may be that, as with § 301 as interpreted in *Avco*, any state action coming within the scope of § 502(a) [29 U.S.C. § 1132(a), the civil enforcement provisions] of ERISA would be removable to federal district court, even if an otherwise adequate state cause of action were pleaded without reference to federal law.

463 U.S. at 24, 103 S.Ct. at 2854. This suggestion became law in *Metropolitan*

*Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

In *Metropolitan,* the plaintiff, a participant in an employee benefits plan, alleged only state law claims against his employer and its insurance company. The defendants removed the case to federal court on the ground that some of plaintiff's claims were completely preempted by ERISA. 481 U.S. at 60–62, 107 S.Ct. at 1544–46. The plaintiff argued that the case was not removable because it was not obvious at the time he filed his complaint that his claim was preempted by 29 U.S.C. § 1144(a) and displaced by 29 U.S.C. § 1132(a) (the civil enforcement provisions of ERISA).

The Court considered the legislative history of the civil enforcement provisions of ERISA and concluded that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court." *Id.* at 66, 107 S.Ct. at 1548. The Court then held:

> Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, "arise[s] under the ... laws ... of the United States," 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b).

*Id.* at 67, 107 S.Ct. at 1548.

The claims asserted by plaintiff Meyer fall under 29 U.S.C. § 1132(a) because she is a beneficiary of an employee benefit plan who is attempting to recover benefits she claims are due to her under the plan. Thus, the Supreme Court holding in *Metropolitan* is controlling, and this court has subject matter jurisdiction because the plaintiff's claims "arise under" federal law.

■ Although a case may be removable under the preemption doctrine, this outcome is not dispositive of all state law claims being preempted by federal law. As noted earlier, the Supreme Court in *Franchise Tax Board,* held that 29 U.S.C. § 1144(b)(2)(A) makes it clear that Congress did not intend for ERISA to preempt all state law claims. Thus, defendants' argument that summary judgment is appropriate because each of plaintiff's state law causes of action is preempted by ERISA must be addressed separately.

## II

Federal Rule of Civil Procedure 56(c) provides that summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In plaintiff's claim against defendants there is a genuine issue as to a material fact. In a letter dated April 18, 1988, to the plaintiff, defendant Employers acknowledged that it did not pay medical expenses for inpatient care incurred by the plaintiff during October and November 1987. Employers claimed it is not required to pay these expenses because (1) the plaintiff's policy year is from February 1st of one year to January 31st of the subsequent year, (2) the plaintiff used up her annual policy maximum inpatient benefit of $7,000 for "2/1/86 thru 2/1/87," and (3) the plaintiff exhausted her maximum lifetime excess benefit of $10,000. The plaintiff in her affidavit, however, claims that (1) she did not use up her $7,000 annual inpatient benefit for 1987 and (2) she did not exhaust her $10,000 maximum excess lifetime benefit. (Pl.'s Aff. at ¶ 9). The factual determination of whether or not plaintiff's annual and lifetime benefit limitations were exhausted directly controls the outcome of plaintiff's claim that defendants have not abided by the terms of the insurance contract. Thus, the disputed fact is material to plaintiff's state law claims.

■ Defendants, however, have argued that plaintiff's insurance policy is governed by ERISA and that plaintiff's three state law claims are therefore preempted by Title 29 U.S.C.S. § 1144(a) which states:

Except as provided in subsection (b) [the "savings clause"] of this section, the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 4(a) [29 USCS § 1003(a)] and not exempt under section 4(b) [29 USCS § 1003(b)].

Plaintiff has not objected to defendants' assertion that ERISA governs her rights under the insurance agreement, and, upon review of Title 29 U.S.C. §§ 1002(1) and 1003, the court finds that plaintiff's claims are governed by ERISA.

■ Plaintiff, however, argues that her state law claims are not preempted by ERISA, 29 U.S.C. § 1144(a), because of 29 U.S.C. § 1144(b)(2)(A), otherwise known as the saving clause (see *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987)), which states:

Except as provided in subparagraph (B) [the "deemer clause"], nothing in this title shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking or securities.

The United States Supreme Court in *Pilot* outlined the mechanics of ERISA's three preemption provisions and provided the guidelines for determining when a state law claim is saved from preemption. 481 U.S. at 45, 107 S.Ct. at 1551. Essentially, if the state law in any way "relates to" employee benefit plans, then it is preempted unless the state law specifically "regulates insurance." *Id.* And, even if the state law "regulates insurance," it is still preempted by ERISA if the employee benefit plan is self-insured. *Id.; Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 747, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728 (1985). ·This last exception, known as the deemer clause, creates a distinction between insured and uninsured plans whereby insured plans are subject to state laws that regulate insurance while uninsured plans, e.g., self-insured plans, are not. 471 U.S. at 747, 105 S.Ct. at 2393.

Plaintiff claims, and defendants have admitted, that the employee benefit plan involved in the dispute is an insured plan. (Def. Mar. 30, 1989 Response To Plaintiff's Request For Admissions at 2, Request No. 3). Thus, the deemer clause is not controlling in the present case. The state law claims, however, are still preempted by ERISA if the state law (1) "relates to" employee benefit plans, and (2) does not regulate insurance.

■ In *Pilot*, the Supreme Court reiterated the expansive common-sense meaning it had given to the phrase "relate to" in *Metropolitan* and in *Shaw v. Delta Air Lines*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The Court held that a state law "relates to" an employee benefit plan if it has any connection with or reference to the plan. *Pilot*, 481 U.S. at 47–48, 107 S.Ct. at 1552–53. Each of plaintiff's three state common-law claims have a connection with the employee plan in that they arise out of its maintenance. Thus, the three claims are covered by the Court's expansive interpretation of "relate to" and are preempted by ERISA unless they "regulate insurance" pursuant to 29 U.S.C. § 1144(b)(2)(A).

In *Pilot*, the Supreme Court considered three factors in deciding whether or not a state law claim was saved from ERISA preemption because the state law regulated insurance within the meaning of 29 U.S.C. § 1144(b)(2)(A): (1) the common-sense meaning of the term "regulates insurance," (2) the criteria that have been used to determine if a practice is considered the "business of insurance" under the McCarran–Ferguson Act, and (3) the Congressional intent that ERISA's civil enforcement scheme be exclusive. 481 U.S. at 57, 107 S.Ct. at 1558. Applying these three factors to plaintiff's state law claims leads this court to conclude that none of the state common laws in question "regulate insurance" within the meaning of 29 U.S.C. § 1144(b)(2)(A).

First, the Supreme Court in *Pilot* wrote that, "[a] common-sense view of the word 'regulates' would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically di-

rected toward the industry." 481 U.S. at 50, 107 S.Ct. at 1554. There is no indication that the Wisconsin common law pertaining to breach of contract, tortious interference with contract, or intentional infliction of emotional distress arose for the purpose of regulating the insurance industry. Although these common-law doctrines may affect the insurance industry, their origin is no doubt based on general principles of contract and tort law.

Second, the Court in *Pilot* considered three criteria to determine if a common law was part of the "business of insurance" under the McCarran–Ferguson Act:

> *"[F]irst,* whether the practice has the effect of transferring or spreading a policyholder's risk; *second,* whether the practice is an integral part of the policy relationship between the insurer and the insured; and *third,* whether the practice is limited to entities within the insurance industry."

481 U.S. at 48–49, 107 S.Ct. at 1553–54, *quoting Union Labor Life Ins. Co. v. Pireno,* 458 U.S. 119, 129, 102 S.Ct. 3002, 3008, 73 L.Ed.2d 647 (1982) (emphasis in original). Applying these factors to plaintiff's three common-law claims also leads to the conclusion that the Wisconsin common law in question does not regulate insurance. First, although the three common laws in question can be applied to the insurer and insured relationship, none of the laws have the effect of transferring or spreading a policyholder's risk. Second, none of the laws define the terms or limitations on the insurance agreement between the insurer and insured, and therefore they are not integral to the insurer and insured relationship. *See Pilot,* 481 U.S. at 51, 107 S.Ct. at 1555. Third, none of the common laws are limited in their application to only the insurance industry.

Finally, the Supreme Court in *Pilot* held that Congress intended the civil enforcement remedies of ERISA to be exclusive, and noted that:

> [t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if

ERISA–plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

481 U.S. at 54, 107 S.Ct. at 1556. Plaintiff's three common-law claims all arise out of her allegation that defendants have denied her benefits that she is due under the insurance agreement. The civil enforcement provisions of ERISA were designed to provide a remedy for this exact type of dispute. *See Pilot* 481 U.S. at 53, 107 S.Ct. at 1556.

Thus, none of the factors the Supreme Court considers in determining when ERISA's "saving clause," 29 U.S.C. § 1144(b)(2)(A), exempts a state law from preemption support plaintiff's contention that its state law claims are not preempted. Each of plaintiff's state law claims is preempted by ERISA, and therefore this court dismisses each of them.

▪ In plaintiff's June 30, 1989 opposition brief to defendants' motion for summary judgement, she moved the court to allow her to amend her complaint to include ERISA remedies if the court decided her state law claims were preempted by ERISA. Federal Rule of Civil Procedure 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

As stated earlier, there is a genuine dispute as to whether or not the terms of plaintiff's insurance contract permitted defendant to deny paying medical costs incurred by plaintiff during October and November of 1987. Thus, justice requires that plaintiff be allowed to amend her claim to include the appropriate ERISA remedies.

IT IS THEREFORE ORDERED that plaintiff's state law claims against defendants for breach of contract, tortious interference with contract, and intentional infliction of emotional distress contract be dismissed.

IT IS FURTHER ORDERED that plaintiff's motion to amend her complaint to include claims and remedies governed by ERISA is granted.

IT IS FURTHER ORDERED that plaintiff's amended complaint will be filed on or before October 13, 1989.