724 F.Supp. 618 (1989)
Jackson B. SMITH and Vivian E. Smith, husband and wife, Plaintiffs,
v.
BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN, and Delco Electronics, a General Motors corporation, Defendants.
No. 89-C-473.
United States District Court, E.D. Wisconsin.
October 31, 1989.
*619 Marjan R. Kmiec and Christopher A. McConville, Kmiec Law Offices, Milwaukee, Wis., for plaintiffs.
Kim M. Cafaro, Blue Cross & Blue Shield United of Wisconsin, Milwaukee, Wis., for Blue Cross.
George D. Cunningham and Susan R. Maisa, Foley & Lardner, Milwaukee, Wis., for Delco.

DECISION AND ORDER
WARREN, Chief Judge.
Before the Court are defendants' motions to dismiss or, in the alternative, motions for summary judgment and for sanctions.

I. BACKGROUND
On March 30, 1989, plaintiffs Jackson B. and Vivian E. Smith commenced this action in Milwaukee County Circuit Court against Delco Electronics Corporation and Blue Cross and Blue Shield United of Wisconsin. The defendants removed the action to this Court on April 25, 1989. The complaint alleges five state tort and contract law claims and one federal claim based on the U.S. Constitution. The five state claims are: (1) breach of contract; (2) bad faith breach of contract; (3) breach of fiduciary duty; (4) intentional infliction of emotional distress; and (5) a claim for punitive damages. The constitutional claim is based on the fifth and fourteenth amendments.
The claims are based on the same alleged set of facts. Plaintiffs assert that Delco and Blue Cross improperly denied the Smiths' claims for health care benefits under the group health care plan that covered the Smiths through Mr. Smiths' employment with Delco. The Smiths submitted bills for treatment to Blue Cross received for a weight loss program. According to the complaint, Blue Cross insured Delco's health care plan, and Blue Cross "denied said claims based upon their statement that no benefit for weight reduction by diet control were covered care under the employee contract." See Complaint ¶¶ 4-10.

*620 II. MOTION TO DISMISS STANDARD
In analyzing a motion to dismiss, the Court will not dismiss the complaint unless it is clear that no set of facts that plaintiff could prove consistent with the pleadings would entitle plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Murphy v. Lane, 833 F.2d 106, 107 (7th Cir.1987); Vaden v. Village of Maywood, 809 F.2d 361, 363 (7th Cir.), cert. denied, 482 U.S. 908, 107 S.Ct. 2489, 96 L.Ed.2d 381 (1987). The Court will accept all well-pleaded factual allegations in the complaint as true. Vaden, 809 F.2d at 363; Doe v. St. Joseph's Hospital of Fort Wayne, 788 F.2d 411, 414 (7th Cir.1986). In addition, the Court will view the allegations in the complaint in a light most favorable to the nonmoving parties, in this case the plaintiffs. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1104 (7th Cir.1984); Wolfolk v. Rivera, 729 F.2d 1114, 1116 (7th Cir.1984).

III. CONSTITUTIONAL CLAIMS
The Smiths allege a claim against Delco and Blue Cross for the denial of health care benefits based on the fifth and fourteenth amendments to the Constitution. Complaint ¶ 21. The fifth and fourteenth amendments apply, however, only to actions by state or federal governments, and not acts of private persons or private entities. See, e.g., Tulsa Professional Collection Services v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) (fourteenth amendment); San Francisco Arts & Athletics v. Olympic Comm., 483 U.S. 522, 107 S.Ct. 2971, 97 L.Ed.2d 427 (1988) (fifth and fourteenth amendments); Rendell-Baker v. Kohn, 457 U.S. 830, 838-39, 102 S.Ct. 2764, 2769-70, 73 L.Ed.2d 418 (1982) (fourteenth amendment); Public Utilities Commission v. Pollak, 343 U.S. 451, 461, 72 S.Ct. 813, 820, 96 L.Ed. 1068 (1952) (fifth amendment); Civil Rights Cases, 109 U.S. 3, 11, 3 S.Ct. 18, 21, 27 L.Ed. 835 (1883) (fourteenth amendment). Because the plaintiffs have failed to allege facts that would support the allegations that Blue Cross and Delco acted in violation of the fifth and fourteenth amendments, these claims must be dismissed.
Plaintiffs' assertions that state action is present in this case because the State of Wisconsin licenses and regulates the insurance industry, and that Delco is licensed to and does sell insurance in Wisconsin and that it is regulated by the Wisconsin Insurance Commissioner, are manifestly incorrect. Delco, a manufacturing division of General Motors Corporation, is not an insurer, and plaintiffs have not pleaded such facts in their complaint. That the insurance industry is regulated does not make a benefit claims decision state action. This Court rejected a similar argument by the same counsel in Tomczyk v. Blue Cross and Blue Shield of Wisconsin, 715 F.Supp. 914, 918 (E.D.Wis.1989), for § 1983: "The [insurer's] decision to deny benefits is a `purely private one', notwithstanding that it is licensed and regulated by the state." The plaintiffs' complaint does not allege any facts from which the conclusion can be drawn that Delco's or Blue Cross' decisions to deny plaintiffs benefits are state action.

IV. PLAINTIFFS' STATE LAW CLAIMS
The Supreme Court of the United States in Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), and Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), held that state tort and contract actions alleging improper processing of a claim for benefits under an ERISA covered employee benefit plan are preempted under ERISA. ERISA covers, among other things, welfare benefit plans such as the one alleged in the plaintiffs' complaint which provide health care benefits to employees. 29 U.S.C. § 1002(1). The Pilot Life decision directly precludes plaintiffs' state tort and contract claims for benefits under an ERISA covered plan:
we conclude that Dedeaux's state law suit asserting improper processing of a claim for benefits under an ERISA-regulated plan is not saved by § 514(b)(2)(A), and therefore is preempted by § 514(a).
481 U.S. at 57, 107 S.Ct. at 1558.
The Supreme Court in Taylor reiterated this holding:

*621 In Pilot Life, [citation omitted], the Court held that state common law causes of action asserting improper processing of a claim for benefits under an employee benefit plan regulated by [ERISA], [citation omitted], are preempted by the Act. 29 U.S.C. § 1144(a).
481 U.S. at 60, 107 S.Ct. at 1544.
Plaintiffs agree that their state claims are based on allegations of improper processing of claims for employee benefits, and that the employee benefit plan at issue is covered by ERISA. Plaintiffs argue that this case should not be dismissed under Pilot Life and Taylor because it involves an insured employee benefit plan, and the ERISA "saving clause" (§ 514(b)(2)(A)) removes their state law claims from ERISA preemption. Plaintiffs rest this argument on the proposition that the saving clause protects from preemption all state law as applied to insured versus self-funded benefit plans.
Plaintiffs' argument is patently incorrect. Both Pilot Life and Taylor involved insured plans. See Pilot Life, 481 U.S. at 43, 107 S.Ct. at 1550-51 ("This case presents the question whether ERISA ... preempts state common law tort and contract actions asserting improper processing of a claim for benefits under an insured employee benefit plan."); Taylor, 481 U.S. at 60, 107 S.Ct. at 1544-45. The Supreme Court in Pilot Life and Taylor rejected the plaintiffs' argument that the saving clause rescues state tort and contract causes of action seeking to remedy alleged improper denials of benefits under insured plans.
The saving clause that plaintiffs rely on saves from ERISA preemption state laws that "regulate insurance." § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A). The Court in Pilot Life interpreted the phrase in that statute, "regulat[ing] insurance," not to include state tort and contract claims. 481 U.S. at 50, 107 S.Ct. at 1554-55. The Supreme Court could not have been more clear: "[the plaintiff's] state common law claims fall under the ERISA preemption clause and are not rescued by the saving clause...." 481 U.S. at 57 n. 4, 107 S.Ct. at 1558 n. 4. The Supreme Court repeated this conclusion in Taylor. 481 U.S. at 62-63, 107 S.Ct. at 1545-46. This Court has recognized this conclusion as well. See, e.g., Tomczyk, 715 F.Supp. at 915-18.
Plaintiffs' reliance on Reilly v. Blue Cross and Blue Shield United of Wisconsin, 846 F.2d 416 (7th Cir.1988), for the proposition that state law claims for improper denial of benefits can be brought if the plan involved is insured, as opposed to self-insured, is also incorrect. In fact, Reilly involved a self-funded plan not subject to the saving clause. The Seventh Circuit in Reilly in dicta stated that insured plans, as opposed to self-funded plans, are subject to laws that regulate the insurance industry. 846 F.2d at 425. The ERISA saving clause does so state. But in Pilot Life and Taylor, the Supreme Court held that state tort and contract claims do not fall within this saving clause because they are not laws that "regulate insurance." Plaintiffs' further reliance on Metropolitan Life v. Massachusetts, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985), is inapposite, because the Court in Pilot Life ruled that the holding of Metropolitan Life v. Massachusetts did not apply to state causes of action for improper processing of employee benefit claims. 481 U.S. at 57, 107 S.Ct. at 1558.
This Court is satisfied that no set of facts that plaintiff could prove consistent with the pleadings would entitle plaintiff to relief. Even accepting all well-pleaded factual allegations in the complaint as true, and viewing the allegations in the complaint in a light most favorable to the plaintiffs, there is no possibility under the current state of the law that plaintiffs can recover on their state law claims. Accordingly, this complaint should be dismissed.

V. PLAINTIFFS CLAIMS FOR COMPENSATORY AND PUNITIVE DAMAGES
Plaintiffs cannot recover punitive or compensatory damages under state law for the same reasons that their other state law claims are preempted by ERISA. See Part IV of this Decision and Order. Moreover, there is no cause of action under ERISA *622 for extracontractual damages. Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Plaintiffs' extracontractual damages claim must be dismissed.

VI. PLAINTIFFS' CLAIMS CHARACTERIZED AS ERISA CLAIMS
The plaintiffs may bring an action to recover benefits due under an ERISA covered plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). The plaintiffs in their complaint have failed to allege such a claim. Even if this Court did characterize plaintiffs' state claims as an ERISA claim for benefits, summary judgment would have to be entered on such a claim, because plaintiffs have failed to exhaust all internal plan remedies prior to bringing this action under ERISA. Kross v. Western Electric Co., 701 F.2d 1238, 1243-45 (7th Cir.1983). The Seventh Circuit in Kross ruled that allowing these claims to be brought in federal court in the first instance would preempt ERISA's requirement that each benefit plan contain an appeal procedure. Delco's health care plans require a four step review procedure for denied claims. The plaintiffs have not participated in this appeal process. See O'Laughlin Affidavit, ¶¶ 3, 4. Thus, even if plaintiffs' complaint is read to assert an ERISA claim, it would be dismissed for a failure to exhaust administrative remedies.

VII. RULE 11 SANCTIONS
F.R.Civ.P. 11 provides in part:
The signature of an attorney or party constitutes a certificate by him that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass....
If a pleading is signed in violation of Rule 11, this Court may impose an appropriate sanction upon the person who signed it. The sanction may include the reasonable expenses of the other party, including reasonable attorneys' fees.
The Seventh Circuit in Dreis & Krump Mfg. Co. v. Int'l Ass'n of Mach. & Aerospace, 802 F.2d 247, 255 (7th Cir.1986), held an employer subject to sanctions for bringing a frivolous action. The Court employed the standard that any competent attorney making a reasonable inquiry into the law should have realized the frivolity of the action. The Court stated:
Mounting federal caseloads and growing public dissatisfaction with the costs and delays of litigation have made it imperative that the federal courts impose sanctions on persons and firms that abuse their right of access to these courts. The rules ... designed to discourage groundless litigation are being and will continue to be enforced in this circuit to the hilt  as a recital of opinions published by this court since the first of the year imposing sanctions for groundless litigation should make clear.
Id. at 255-56 (citations omitted).
This lawsuit is patently frivolous. It is well established by Supreme Court precedent that ERISA preempts all state laws relating to employee benefit plans. A cursory reading of the Pilot Life case would have stopped a reasonable attorney from continuing this cause of action. See In re TCI, 769 F.2d 441, 445 (7th Cir.1985) ("If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious."). Plaintiffs' claims for compensatory and punitive damages, whether under ERISA or state law, are frivolous because it is clear that such damages are unavailable. ERISA preempts these damages under state law (Pilot Life and Taylor), and under ERISA such damages are unavailable (Russell). Plaintiffs' constitutional claim is frivolous, as it has been law for over 100 years that fifth and fourteenth amendment claims cannot be brought against private entities. Moreover, the arguments plaintiffs' counsel advances are not good faith reasoning for modification or reversal of the controlling law, but fly in *623 the face of even having read these decisions.
Defense counsel gave plaintiffs' counsel an opportunity to voluntarily dismiss this lawsuit. Following removal of the case to this Court, Delco's counsel contacted plaintiffs' counsel by telephone and by letter. See Affidavit and Supplementary Affidavit of Susan Maisa & Exhibit 1. The letter makes it clear that Delco requested that the plaintiffs' counsel read Pilot Life, and voluntarily dismiss this action, citing to plaintiffs' counsel the relevant controlling precedent, and warning of the possibility of Rule 11 sanctions.
Rule 11 provides that a pleading or motion must be supported by a "reasonable inquiry." Courts determining the propriety of Rule 11 sanctions thus incorporate an objective standard of reasonableness. Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 205 (7th Cir.1985). Rule 11 imposes a duty to investigate the law that supports a pleading. See, e.g., Stewart v. RCA Corp., 790 F.2d 624, 633 (7th Cir.1986) ("Rule 11 requires lawyers to think first and file later, on pain of personal liability."). Even cursory research into this legal issue should have resulted in plaintiffs' counsel not bringing this action, as Supreme Court precedent manifestly precludes it. That defense counsel brought the relevant precedent to the attention of plaintiffs' counsel and that they chose to ignore it illustrates the unreasonableness of their actions.
Rule 11 states that a pleading must be "warranted by existing law or a good faith argument for the extension, modification or reversal of existing law...." A pleading is unwarranted by existing law if it is contrary to settled precedent. See, e.g., Eastway Construction Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir.1985), cert. denied, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987) (Rule 11 is violated when it is "patently clear that a claim has absolutely no chance of success under the existing precedents"). This action encompasses a classic violation of Rule 11. No reasonable attorney having read Pilot Life and Taylor could manufacture a good faith argument as to why this suit should be brought. Further, any attorney making a "reasonable inquiry" would have come across Pilot Life and Taylor. This case is directly contrary to settled precedent, and falls directly into the Eastway Construction definition of having no chance of success under existing precedent. That defense counsel alerted plaintiffs' counsel of the frivolity of the claim and pointed the attorneys to the directly contrary precedent only exacerbates the unreasonableness of plaintiffs's counsels' actions.
Plaintiffs cite no law that would preclude this Court from imposing sanctions in this case. Moreover, plaintiffs' counsel is well aware of the applicable ERISA law, having filed state law claims that have been dismissed on preemption grounds in similar cases. See, e.g., Tomczyk v. Blue Cross and Blue Shield of Wisconsin, 715 F.Supp. 914, 918 (E.D.Wis.1989); Reilly v. Blue Cross & Blue Shield United of Wisconsin, 846 F.2d 416, 424-26 (7th Cir.), cert. denied, ___ U.S. ___, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988). That this Court and the appellate court of this circuit have so recently ruled that plaintiffs' position is incorrect only aggravates this situation.
Judge Easterbrook has proposed a stiffer standard for Rule 11 sanctions than the "reasonableness" standard that courts have employed. Although not controlling, it is instructive as to the magnitude of the unreasonableness of plaintiffs' counsel's actions in this case:
Something is frivolous only when (a) we've decided the very point, and recently, against the person reasserting it, or (b) 99 of 100 practicing lawyers would be 99 percent sure that the position is untenable, and the other 1 percent would be 60 percent sure it's untenable. Either one is a pretty stiff test.
Trial Magazine, p. 100 (March 1989) (quoting Letter from Judge Easterbrook to Professor Sanford Levinson (Jan. 29, 1986), quoted with permission in Levinson, Frivolous Cases: Do Lawyers Know Anything At All?, 24 Osgood Hall L.J. 353, 375 (1987)).
*624 Plaintiffs' counsel's actions fall directly under the first of Judge Easterbrook's criteria. In Tomczyk, this Court decided this exact point, in May of this year, in a case involving plaintiffs' counsel. Thus, even under a stiffer standard than employed in the Seventh Circuit, Rule 11 sanctions for plaintiffs' attorneys are in order in this case.

VIII. SUMMARY
Counsel cannot ignore settled precedent and bring repeated suits that have no basis in the law. Therefore, this Court DISMISSES this action for the above reasons, and awards defendants Delco Electronics and Blue Cross and Blue Shield United of Wisconsin the costs and reasonable attorneys' fees they incurred in defending this action. Defendants' counsel should submit an affidavit within thirty days of the date of this Order detailing the total costs and attorneys' fees they expended defending this action.
SO ORDERED.