Jane TOMCZYK, Plaintiff–Appellant,

v.

BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN, Defendant–Appellee.

No. 91–1018.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 18, 1991.

Decided Dec. 30, 1991.

Christopher A. McConville (argued), Milwaukee, Wis., for plaintiff-appellant.

Laurel Barnes (argued), Blue Cross & Blue Shield of Wisconsin, Milwaukee, Wis., for defendant-appellee.

Before POSNER, FLAUM and KANNE, Circuit Judges.

PER CURIAM.

Jane Tomczyk brought this action against Blue Cross and Blue Shield United of Wisconsin (Blue Cross), a Wisconsin non-profit corporation, alleging ERISA, state common-law, and constitutional violations. The District Court granted summary judgment to Blue Cross on the ERISA count, and dismissed the others. Tomczyk appeals the disposition of her ERISA and state common-law claims. We affirm. Moreover, because of the largely frivolous nature of this appeal, as well as the misleading manner in which it was presented to this Court, we impose Rule 38 sanctions on Tomczyk's attorneys, Marjan Kmiec and Christopher McConville of Kmiec Law Offices.

## I.

Jane Tomczyk is a member of an ERISA-regulated group health insurance plan issued by Blue Cross and sponsored by her employer. After undergoing oral surgery on October 3, 1987, she filed a claim with Blue Cross for reimbursement of approximately $8,250 in surgical and hospital fees.

Blue Cross denied the claim. Tomczyk sued Blue Cross under ERISA for denial of benefits, *see* 29 U.S.C. § 1132(a)(1)(B), (a)(3), brought state common-law claims of bad faith, breach of contract, and tortious interference with her contractual relationship with her doctor, and asserted a constitutional claim under 42 U.S.C. § 1983. She sought reimbursement of her medical costs, as well as extra-contractual compensatory and punitive damages.

The District Court dismissed the state common-law claims as preempted by ERISA, and the § 1983 claim owing to a lack of state action. *See Tomczyk v. Blue Cross & Blue Shield United of Wisconsin,* 715 F.Supp. 914, 918 (E.D.Wis.1989). In a separate decision granting Blue Cross summary judgment on the ERISA claim, the court determined that no genuine issue of material fact existed and found that Blue Cross had properly denied benefits to Tomczyk under the terms of the contract. *See Tomczyk v. Blue Cross & Blue Shield United of Wisconsin,* No. 88–C–690, slip op. at 13 (E.D.Wis. Dec. 6, 1990). Tomczyk appeals the grant of summary judgment to Blue Cross on the ERISA claim, and the dismissal of her state common law and extra-contractual damage claims. We first examine her ERISA claim.

A.

We review *de novo* the District Court's grant of summary judgment to Blue Cross. *See Doe v. Allied–Signal, Inc.,* 925 F.2d 1007, 1008 (7th Cir.1991). Summary judgment must be granted if the pleadings and supporting documents "show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We must view the record and all inferences drawn from it in the light most favorable to the nonmoving party. *See Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990). The nonmoving party, however, may not rest on its pleadings, and must demonstrate, with specific evidence, that a genuine issue of triable fact remains. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The District Court concluded that the oral surgery performed on Tomczyk was not a covered procedure under her insurance plan. Tomczyk has not appealed the court's *de novo* interpretation of the insurance contract. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 955, 103 L.Ed.2d 80 (1989) (courts must review denial of ERISA plan benefits *de novo* unless the plan gives the administrator discretionary authority to determine benefit eligibility or to construe doubtful or contested terms, in which case the arbitrary and capricious standard applies). Rather, Tomczyk claims that the court should not have granted summary judgment because whether Blue Cross authorized her medical expenses is a disputed factual issue. We disagree.

Tomczyk receives her insurance coverage through the Blue Cross "Advantage Program." Under this program, certain requirements must be met before a plan member may receive full benefits for covered services for nonemergency inpatient hospital care. Blue Cross must determine that the hospitalization is medically necessary and authorize the care. Additionally, the member must notify Blue Cross prior to admission that hospitalization is anticipated, and a length of stay must be authorized. The contract provides that, "[i]f the admission was not preauthorized, benefits will be limited to 80% of the amount otherwise allowed according to the contract provisions for covered benefits." Exhibit A, Section MC, at 74. Moreover, the contract states that even where the hospital stay is preauthorized, "[o]ther limitations, exclusions and conditions of the contract are not affected by this section and still apply." *Id.*

Tomczyk first consulted with John Goeckerman, D.D.S., who subsequently performed the surgery on her jaw, on September 21, 1987. Dr. Goeckerman determined that Tomczyk required corrective treatment consisting of two variations of a surgical procedure known as "osteotomy of the temporo mandibular joint." On September 30, an employee with Dr. Goeckerman's office called Blue Cross's Advantage

Program and spoke to Elise McKinch, R.N., a "Managed Care Specialist" who reviews inpatient hospital admissions and authorizes lengths of stay. Tomczyk contends that Blue Cross authorized her October 3 surgery in that telephone conversation.

In her brief, Tomczyk claims that McKinch told Dr. Goeckerman's office that her "insurance was in 'perfect standing'" and that Blue Cross "would cover all medical costs regarding Jane Tomczyk's medically necessary surgery, thereby approving said surgical treatments." Appellant's Br. at 5–6. Nowhere does the record support such an assertion. The sole piece of evidence Tomczyk cites in this regard is Dr. Goeckerman's affidavit. That affidavit, however, states only that McKinch had told his office that Blue Cross "had authorized the hospital stay for the intended surgery," Goeckerman Affidavit at 1, an assertion Blue Cross does not dispute. According to McKinch's affidavit, she informed Dr. Goeckerman's office that she "would authorize a three day inpatient hospital stay." McKinch Affidavit at 2. Significantly, however, her affidavit also states that she informed Dr. Goeckerman's office "that the authorization related to the patient's need to have the procedures done as an inpatient and was not an authorization of coverage," *id.*, and "that it would be advisable to get verification of coverage from Blue Cross' Medical Review department." *Id.* Additionally, because she had determined, and informed Dr. Goeckerman's office, that the procedure might not be covered, she did not send the customary letter confirming admission preauthorization. *Id.* Tomczyk presents no evidence disputing McKinch's statements or showing that Blue Cross authorized the surgery or otherwise agreed to pay for the hospital stay.

Tomczyk's brief argues that since Blue Cross authorized the hospital stay, one can draw a reasonable inference that it also preauthorized the surgery. Appellant's Br. at 9. At oral argument before this Court, Tomczyk's counsel, Christopher McConville, contended that it is also reasonable to conclude that once Dr. Goeckerman obtained the preauthorization for the hospital stay, "he thought he had authority not only

for the hospital stay, but for the surgery." McConville's contention is belied by an October 7 letter Dr. Goeckerman sent to Blue Cross. The first sentence reads, "This letter is sent as a request for prior determination of benefits." Plaintiff's Exhibit A. The letter goes on to outline his diagnosis, suggested treatment, and surgical fees. The plain language of the letter shows that, contrary to McConville's assertion, Dr. Goeckerman was indeed aware that Blue Cross had not preauthorized the surgery, which had been performed on October 3.

We are disturbed by the manner in which counsel for Tomczyk manipulated relevant facts. Her brief reads into Dr. Goeckerman's affidavit statements that simply aren't there. The affidavit states only that the hospital stay was preauthorized; it does not state, as Tomczyk's brief claims, that "Blue Cross would cover all medical costs regarding Jane Tomczyk's medically necessary surgery, thereby approving said surgical treatments." Tomczyk's brief also misrepresents the contents of Dr. Goeckerman's letter of October 7, asserting, for example, that Dr. Goeckerman included the cost breakdowns "as a common curtesy" [sic], Appellant's Br. at 6, when the letter clearly is a request for determination of benefits. That Tomczyk's attorney further perpetuated these patently inaccurate characterizations at oral argument only serves to highlight his generally distressing approach in this appeal. We affirm the District Court, and find that no material fact exists regarding whether the surgical treatment was authorized.

■ Tomczyk's brief asserts further that, at the very least, Tomczyk should be able to recover the costs of her hospital stay. That the hospital stay was preauthorized is not in dispute; Blue Cross has admitted as much. *See* Appellee's Br. at 4; McKinch Affidavit at 2. Admission preauthorization, however, does not necessarily result in reimbursement. As we have noted, McKinch's affidavit states that she told Dr. Goeckerman's office that this preauthorization related only to the need to have that type of procedure performed as an

inpatient, and did not constitute an authorization of coverage. Tomczyk has offered no evidence to counter this statement. While we must review the record in the light most favorable to Tomczyk, she must set forth specific facts showing that there is a genuine issue of material fact which requires a trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. This she has not done. Under the contract, other limitations and conditions of the contract apply to the section pertaining to hospital admission authorization. The District Court held that Tomczyk's surgery was not a covered procedure under the contract. Therefore, Tomczyk is not entitled to recover the costs of the surgery or the hospital stay. The District Court's grant of summary judgment to Blue Cross on the ERISA claim is affirmed.

### B.

Tomczyk also appeals the District Court's dismissal of her state common-law claims of bad faith, breach of contract, and tortious interference with contract. As to her bad faith claim, she attempts to circumvent ERISA's broad preemptive provisions by claiming that the Wisconsin law of bad faith is a law which "regulates insurance" and, as such, avoids preemption through ERISA's "saving clause." She attempts to salvage her claims of breach of contract and tortious interference with contract by recharacterizing them as "federal law claims" and urging this Court to therefore consider them as claims for breach of fiduciary duty under ERISA. Appellant's Br. at 19. We reject her arguments.

### 1.

Tomczyk contends that the Wisconsin law of bad faith escapes ERISA's broad preemptive scope because it is a law regulating insurance and thus falls within the ambit of ERISA's "saving clause." *See* 29 U.S.C. § 1144(b)(2)(A). ERISA generally preempts any state law which "relates to" employee benefit plans. *Id.* § 1144(a).[1] The saving clause, however, provides that a state law which specifically "regulates insurance" escapes this preemption, *id.* § 1144(b)(2)(A); *see Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987), unless the plan at issue is self-insured. *Pilot Life*, 481 U.S. at 45, 107 S.Ct. at 1552; *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 747, 105 S.Ct. 2380, 2393, 85 L.Ed.2d 728 (1985).[2] Tomczyk maintains that, because her health plan is insured—a fact the parties do not dispute—and because Wisconsin bad faith law regulates insurance, her bad faith claim falls within the saving clause. In so asserting, Tomczyk ignores the clear mandate of Supreme Court precedent, misstates the holdings of cases she cites in support of her position, and fails to cite relevant cases from within this Circuit rejecting essentially the same argument—cases, we note, in which Kmiec Law Offices acted as counsel.

In *Pilot Life*—which involved, as here, an insured employee benefit plan—the Supreme Court held that Mississippi bad faith law was not a law regulating insurance within the meaning of § 1144(b). The Court relied primarily on three rationales: the law was not "specifically directed to-

---

**1.** The "preemption clause" states:
> Except as provided in subsection (b) of this section [the "saving clause"], the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.
> 29 U.S.C. § 1144(a).

**2.** The "saving clause" provides:
> Except as provided in subparagraph (B) [the "deemer clause"], nothing in this title shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking or securities.

29 U.S.C. § 1144(b)(2)(A). The "deemer clause" states:
> Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, ... or to be engaged in the business of insurance ... for the purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.
> *Id.* § 1144(b)(2)(B).

ward the [insurance] industry," 481 U.S. at 50, 107 S.Ct. at 1554; it did not regulate the transaction of the "business of insurance" under the McCarran–Ferguson Act (*i.e.*, it did not transfer or spread policyholder risk, was not an integral part of the policy relationship between the insurer and insured, and was not limited to entities within the insurance industry), *id.* at 48–49, 107 S.Ct. at 1553–54; and allowing the law to escape preemption would violate congressional intent regarding the exclusivity of ERISA's civil enforcement scheme. *Id.* at 57, 107 S.Ct. at 1558.

Tomczyk attempts to distinguish *Pilot Life* by asserting that, unlike the Mississippi law of bad faith, Wisconsin bad faith law "is directly meant to regulate unfair trade practices within the insurance industry." Appellant's Br. at 15. She cites two cases as authority, *Brockmeyer v. Dun & Bradstreet*, 113 Wis.2d 561, 335 N.W.2d 834 (1983), and *Anderson v. Continental Ins. Co.*, 85 Wis.2d 675, 271 N.W.2d 368 (1978), neither of which stand for this proposition. *Brockmeyer* did not even address insurance issues; the court merely "refuse[d] to impose a duty to terminate in good faith into employment contracts." 335 N.W.2d at 838. And, although *Anderson* involved insurance, the court did not hold that Wisconsin bad faith law was limited to the insurance industry; indeed, it stated the contrary—that "every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." 271 N.W.2d at 375.

Attempts such as this to mislead this Court were, unfortunately, commonplace in this appeal. Tomczyk continually ignored relevant precedent from this jurisdiction. Her brief failed to cite a case from the Eastern District of Wisconsin which specifically held that ERISA preempted the Wisconsin tort of bad faith. *See Rust v. Blue Cross & Blue Shield United of Wisconsin*, No. 87–C–0751, 1988 WL 162848 at *4, 1988 U.S.Dist. *Lexis* 17207 at *11–12 (E.D.Wis. Sept. 21, 1988). Tomczyk's counsel, McConville and Marjan Kmiec, cannot even attempt to claim ignorance as an excuse: they were counsel in *Rust*. We note, too, that the *Rust* opinion cited *Anderson* to support its finding that Wisconsin bad faith law is *not* limited to the insurance context. *Id.* 1988 WL 162848 at *4, 1988 U.S.Dist. *Lexis* 17207 at *11. Tomczyk also failed to cite *Meyer v. Employers Health Ins. Co.*, 722 F.Supp. 547, 552–53 (E.D.Wis.1989)— yet another case in which McConville was counsel—in which the plaintiff had relied unsuccessfully on the saving clause as a shield against ERISA preemption of common-law claims of breach of contract, tortious interference with a contractual relationship, and intentional infliction of emotional distress.

Finally, Tomczyk's brief gave short shrift to *Maciosek v. Blue Cross & Blue Shield United of Wisconsin*, 930 F.2d 536 (7th Cir.1991). In *Maciosek*, this Court held that state common-law claims of breach of contract, tortious interference with a contractual relationship, and violation of a Wisconsin common law which prohibits an insurer from recovering payments absent a mistake of fact, were all preempted by ERISA. The *Maciosek* plaintiffs—again represented by McConville and Kmiec—once more relied on the saving clause, this time with regard to the common-law mistake of fact claim. This Court rejected the attempt to circumvent "the clear preemptive mandate of ERISA." *Id.* at 540. We likewise reject Tomczyk's attempt to escape ERISA's "clear preemptive mandate," as well as to avoid dispositive authority. The District Court's dismissal of the bad faith claim is affirmed.

### 2.

■ In appealing her claims for breach of contract and tortious interference with her contractual relationship with her doctor, Tomczyk attempts to escape the inescapable (*i.e.*, preemption) by adding a twist, arguing that this Court should consider these state common-law claims as claims for breach of fiduciary duty under ERISA. Appellant's Br. at 19. This Court in *Maciosek* rejected essentially the same argument, 930 F.2d at 540–41, made by the same counsel, who there even relied on the same case, *Cedar Rapids Pediatric Clinic Pension Plan v. Continental Assurance*, 690

F.Supp. 792 (W.D.Ark.1988). This "ostrich-like" attempt by Tomczyk's counsel to avoid existing authority "is as unprofessional as it is pointless." *Hill v. Norfolk and W. Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir.1987). We reject this effort to bootstrap state common-law claims onto the ERISA claim. Moreover, because state law breach of contract and tortious interference with contract claims are preempted by ERISA, *see Pilot Life*, 481 U.S. at 57, 107 S.Ct. at 1558; *Maciosek*, 930 F.2d at 540; *Meyer*, 722 F.Supp. at 553; *Smith v. Blue Cross & Blue Shield United of Wisconsin*, 724 F.Supp. 618, 621 (E.D.Wis. 1989), we affirm their dismissal.[3]

## II.

■ In bringing this appeal, Tomczyk's counsel, Christopher McConville and Marjan Kmiec (both of Kmiec Law Offices), continue a disturbing pattern of litigating claims that repeatedly advance the same frivolous arguments. This case, the most recent in a litany of nonmeritorious ERISA-related cases brought by these attorneys, unfortunately is just one strand in a tangled web of claims manifesting a disregard for the duty of candor that undergirds the judicial system.

In *Smith, supra*, the plaintiff, through Kmiec, alleged breach of contract, bad faith breach of contract, breach of fiduciary duty, and intentional infliction of emotional distress, and sought punitive damages. As here, the plaintiff in *Smith* argued that the state law claims should not be preempted by ERISA because of the saving clause. Citing *Pilot Life and Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1986), as well as the District Court decision in *Tomczyk*, *Smith* held that the state law claims and the claim for punitives were preempted by ERISA. Stating that the lawsuit was

"patently frivolous," the court imposed Rule 11 sanctions, noting that "the arguments plaintiffs' counsel advances are not good faith reasoning for modification or reversal of the controlling law, but fly in the face of even having read these decisions." 724 F.Supp. at 622–23.

Despite the strong language and clear holding of *Smith*, McConville and Kmiec briefed the *Tomczyk* appeal with only a single reference to it—a comment that "some of these issues herein are currently pending before the Seventh Circuit" and a reservation of the right to amend the brief should *Smith* be decided during the pendency of the *Tomczyk* appeal. Appellant's Br. at 4–5. The brief failed to substantively address the District Court opinion in *Smith*, state its holding, dispute its reasoning, or attempt in any way to distinguish it from the case at hand.

Similarly, Tomczyk's brief failed to adequately address this Court's decision in *Maciosek*. As with *Smith*, the sole reference to *Maciosek* was the comment reserving the right to amend if *Maciosek* were decided during the pendency of Tomczyk's appeal. Unlike *Smith*, *Maciosek* was issued during the pendency. *Maciosek* specifically held that the plaintiffs' claims for breach of contract, tortious interference with a contractual relationship, and intentional infliction of emotional distress were preempted by ERISA, 930 F.2d at 540, and could not be saved by construing them as ERISA claims. *Id.* Rather than acknowledge the unfavorable holding, counsel for Tomczyk chose to misinform this Court. In their reply brief—in which, we note, they were effectively forced to address *Maciosek* following its prominent mention in Blue Cross's brief—Tomczyk's attorneys make the specious argument that "[t]he use of *Maciosek* herein is inapplicable" because

3. Because we affirm the dismissal of both her ERISA and state common-law claims, we need not address Tomczyk's claims for extra-contractual compensatory and punitive damages. Suffice it to note that, although this Circuit had not yet determined the availability of extra-contractual compensatory damages when Tomczyk brought this appeal, we had definitively held that punitive damages are not available under

ERISA. *See Kleinhans v. Lisle Savings Profit Sharing Trust*, 810 F.2d 618, 627 (7th Cir.1987); *Reilly v. Blue Cross & Blue Shield United of Wisconsin*, 846 F.2d 416, 418 (7th Cir.), *cert. denied*, 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988). In asserting her punitive damage claim, Tomczyk once again attempted to evade controlling precedent.

[t]he *Maciosek* case was not a bad faith case, but instead was treated by the court and parties as a violation of Wisconsin Common Law which prohibited an insurer from recovering mistaken payments unless the payment was caused by a mistake of fact.

Appellant's Reply Br. at 2. This assertion is patently incorrect. The *Maciosek* opinion specifically states that "[t]he state law causes of action ... obviously are preempted under the Supreme Court's construction of ERISA." 930 F.2d at 540. *Maciosek* is directly applicable to the present case, and its holding obviously precludes Tomczyk's state law claims.

In sanctioning the plaintiff's attorneys in *Smith*, the court admonished that "[c]ounsel cannot ignore settled precedent and bring repeated suits that have no basis in the law." 724 F.Supp. at 624. Similarly, this Court in *Maciosek* affirmed the District Court's imposition of Rule 11 sanctions, chastising counsel for failing to "discuss or distinguish existing law." 930 F.2d at 542. In particular, we criticized Maciosek's counsel for omitting a case from the Eastern District of Wisconsin—namely, *Tomczyk*. *See* 930 F.2d at 541 ("not only did he file this claim after *Tomczyk*, he failed to distinguish it, argue it was wrongly decided, or even acknowledge its existence."). This Court admonished:

> Kmiec argues that the ERISA claims in *Tomczyk* were still pending at the time the Macioseks' claims were filed, so the decision was not a final judgment and no appeal was possible. While that is true, it does not explain why Kmiec failed to distinguish a case from the Eastern District of Wisconsin that directly resolved two of the Macioseks' claims. Ignoring precedent from the same jurisdiction is not making a "good faith argument for the extension, modification, or reversal of existing law...." Fed.R.Civ.P. 11. And like it or not, *Tomczyk* was the "existing law" of the district court when these claims were filed, and when Kmiec filed his brief in opposition to the motion to dismiss.

*Maciosek*, 930 F.2d at 542.

The lessons of *Maciosek* and *Smith* apparently did not take. Tomczyk's brief to this Court failed to adequately discuss or distinguish *Smith* or *Maciosek*, the very cases in which Kmiec and McConville were cited for ignoring existing precedent. Even more egregious, at oral argument, Tomczyk's counsel attempted to explain away the brief's failure to adequately address this Court's decision in *Maciosek* by asserting that it was rendered during the pendency of the *Tomczyk* appeal—the very same argument used (and rejected) before this Court in *Maciosek* as a rationale for failing to address *Tomczyk*!

Moreover, just as the *Maciosek* brief failed to cite the District Court's decision in *Tomczyk*, Tomczyk's brief failed to cite yet another Eastern District of Wisconsin decision, *Meyer v. Employers Health Ins. Co.*, *supra*, despite *Meyer*'s holding that ERISA preempts state-law breach of contract and tortious interference with contract claims and, therefore, its obvious relevance to the present case. When confronted at oral argument with this omission, McConville again mislead this Court, asserting that *Meyer* was inapplicable because it involved a self-insured plan (itself a specious distinction) when in truth, *Meyer*, as here, involved an insured plan.

This tactic of ignoring existing, and potentially dispositive, precedent, as well as the numerous attempts to mislead this Court through bold misrepresentations of fact and law, disserve the parties, opposing counsel, and this Court. *See Hill*, 814 F.2d at 1198. Under Rule 38, Fed.R.App.P., this Court may award just damages and single or double costs to the appellee if we determine that an appeal is frivolous. We use a two-step process to determine whether sanctions should be issued under this rule: "we must first determine that the appeal is frivolous, and then determine that this is an appropriate case for the imposition of sanctions." *Williams v. United States Postal Serv.*, 873 F.2d 1069, 1075 (7th Cir. 1989); *see Mays v. Chicago Sun–Times*, 865 F.2d 134, 183 (7th Cir.1989). The rule authorizes sanctions even if the presence of a colorable ground prevented the entire

appeal from being adjudged frivolous. *Hill*, 814 F.2d at 1200. We find that this appeal is an appropriate one for sanctions.

Before turning to the specifics of this case, we wish to make clear that it is not our intent to "chill" discussion or to dissuade counsel from bringing credible appeals. Rather, it is our objective to protect the integrity of this system by enforcing attorneys' ethical responsibilities, and to preserve the availability of the federal courts for worthy claims by deterring groundless appeals. *See Hill*, 814 F.2d at 1203; *Mays*, 865 F.2d at 139. We do not seek to make this Court a veritable "minefield" for litigants as they determine whether to pursue appeals. An honest presentation of the case, adherence to the basic technical rules, and a colorable basis in law and fact—as well as a certain amount of common sense—will shield litigants and their attorneys from sanctions. Unfortunately, the attorneys for the appellant in this case transgressed these wide boundaries.

"An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Mays*, 865 F.2d at 138 (quoting *Indianapolis Colts v. Mayor of Baltimore*, 775 F.2d 177, 184 (7th Cir.1985)). Tomczyk's state common-law claims, mimicking others which have consistently been dismissed as preempted by ERISA by this Court and others in this Circuit, obviously fit this description. Likewise, the claim for punitive damages had no colorable basis in the law, was "patently groundless," *Hill*, 814 F.2d at 1200, and therefore frivolous. The appeal of the state common-law and punitive damages claims constituted an "insistence on litigating a question in the face of controlling precedents which removed every colorable basis in law for the litigant's position." *Reid v. United States*, 715 F.2d 1148, 1154 (7th Cir.1983). Moreover, seeking more

than $10 million in punitive damages in this case was "clearly excessive." *Mestayer v. Wisconsin Physicians Serv. Ins. Corp.*, 905 F.2d 1077, 1080–81 (7th Cir.1990). Counsel for Tomczyk previously have been sanctioned by this Court for seeking such unreasonable damage awards in a case of this nature. *Id.*

We previously have held that misrepresentations of controlling law and disingenuous arguments, "because they postpone resolution of the real issues and cause delay, can be evidence of bad faith under the second part of the Rule 38 analysis." *Williams*, 873 F.2d at 1075 (quoting *Beam v. IPCO Corp.*, 838 F.2d 242, 249 n. 5 (7th Cir.1988)). Such offenses were mainstays of Tomczyk's brief. Many of the cases cited to support Tomczyk's claims were "neither controlling nor relevant." *Morris v. Jenkins*, 819 F.2d 678, 681 (7th Cir.1987). When the law disfavored Tomczyk's case, it was ignored, glossed over, or misstated. Puffery was proffered as fact. Her attorneys presented the record "in a thoroughly misleading and unprofessional fashion," further demonstrating frivolousness. *Borowski v. DePuy, Inc.*, 850 F.2d 297, 306 (7th Cir.1988) (citation omitted). The "entire manner in which [this] appeal has been pursued justifies sanctions." *Id.* at 305–06.

■ Because of the aforementioned conduct before this Court, we have determined that a significant penalty is warranted. Accordingly, we impose sanctions in the amount of $2,000 against Tomczyk's attorneys.[4] Further, Tomczyk's attorneys shall be assessed the costs of this appeal. Blue Cross shall submit to the clerk of this Court within fifteen days of the date of this opinion proper documentation of its expenses in defending this appeal. Counsel for Tomczyk will have an opportunity to

---

4. This Circuit has on several occasions imposed a flat sum award as "damages" under Rule 38 without having evidence of attorneys' fees and other expenses before it. *See, e.g., Cheek v. Doe*, 828 F.2d 395, 398 (7th Cir.1987) ($1500 award); *Hilgeford v. Peoples Bank*, 776 F.2d 176, 179 (7th Cir.1985) ($500 award), *cert. denied*, 475 U.S. 1123, 106 S.Ct. 1644, 90 L.Ed.2d 188 (1986).

Additionally, as this Court noted in *Hill*, 814 F.2d at 1202, a hearing is not necessarily required by Rule 38. A hearing is required only if there is a contested factual issue. Because no such issue exists in our finding that counsel made objectively groundless legal arguments and factual misstatements, no hearing is warranted in this case.

contest the amount requested by Blue Cross.

AFFIRMED WITH SANCTIONS.