690 F.Supp. 792 (1988)
BOARD OF TRUSTEES OF CEDAR RAPIDS PEDIATRIC CLINIC, P.A., PENSION PLAN et al., Plaintiffs,
Ozark Supply Company Pension Trust, Trustees of Farmers and Merchants Bank Pension Plan, Intervening Plaintiffs,
v.
CONTINENTAL ASSURANCE CO. et al., Defendants.
OZARK SUPPLY COMPANY PENSION TRUST, Plaintiff,
v.
CONTINENTAL ASSURANCE CO. et al., Defendants.
Nos. Civ. 86-5192, Civ. 87-5091.
United States District Court, W.D. Arkansas, Fayetteville Division.
June 27, 1988.
*793 Tracy Barger, Byron Freeland and Susan Gunter, Mitchell, Williams, Selig & Tucker, Little Rock, Ark., for Board of Trustees of Cedar Rapids Pediatric Clinic, P.A., Pension Plan et al.
Thomas E. Burke, Fayetteville, Ark., Gary Elden, Marc Lauerman, and Darrell J. Graham, Chicago, Ill., for Continental Assur. Co.
Richard Wommack, Fayetteville, Ark., for Morton & Co., Inc., Actuarial Associates of AmericaLittle Rock, Inc., Morton & Associates, Inc., MGA, Inc., Morton Pension Administrative Systems, Inc. and William C. Morton, Jr.
K.R. Lashlee, Rogers, Ark., for Ozark Supply Co. Pension Trust.
Mitchell, Williams, Selig & Tucker, Little Rock, Ark., for Trustees for Farmers & Merchants Bank Pension Plan.

MEMORANDUM OPINION
MORRIS SHEPPARD ARNOLD, District Judge.
The plaintiffs[1] are various employers who had pension plans that were arranged *794 with defendant Continental Assurance Company in 1974.[2] The intermediaries in the transactions were William Morton, George Morton, and several insurance agencies owned or operated by them. In actuality, William Morton siphoned off much of the money that the employers thought they were contributing to the pension plans. The scheme was discovered in 1986, when the employers requested an accounting statement directly from Continental Assurance Company and were shocked to learn that only $3,678.04 had been credited to their accounts.
The plaintiffs have sued Continental Assurance Agency, the Mortons, and the Morton agencies,[3] alleging violations of the federal Employer Retirement Income Security Act (ERISA) and common-law claims based on breach of contract, fraud, conversion, negligence, breach of fiduciary duty, right to an accounting, and conspiracy. Continental Assurance Company has moved to dismiss several counts of the plaintiffs' first amended complaint, to dismiss several paragraphs of one intervening plaintiff's complaint, and to dismiss entirely the plaintiffs' complaint as to one plaintiff. Continental Assurance Company has also moved for judgment on the pleadings as to several counts of the other intervening plaintiff's complaint. The motions will be granted in part and denied in part.

I.
Defendant Continental Assurance Company first moves to dismiss counts 4-11 of the plaintiffs' complaint and to dismiss paragraphs 30-43 of the complaint of intervening plaintiff F & M Bank Pension Plan. These are the counts alleging common-law claims. The basis for defendant Continental Assurance Company's motion is its contention that the provisions of ERISA preempt any claims under state law that relate to employer benefit plans.
As part of ERISA, Congress declared that "the provisions of [the subchapters on protection of employee benefit rights and on plan termination insurance] shall supersede any and all State laws insofar as they may ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). This preemptive effect extends not only to state statutes that would regulate employee benefit plans, Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983), but also to state common-law claims that would relate to employee benefit plans. Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, ___ - ___, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987).
The plaintiffs make two arguments on this point. They first argue that whether their state claims "relate to any employee benefit plan," see 29 U.S.C. § 1144(a), is a question of fact, and they suggest therefore that the court should delay a ruling on the preemption issue until the close of discovery. In support, they cite Dedeaux, in which the Supreme Court described the issue as having arisen on a motion for summary judgment at "the close of discovery." Dedeaux, ___, 107 S.Ct. at 1551-52.
Nothing in Dedeaux indicates that resolution of this question must be deferred until the close of discovery, however, and in Shaw, in fact, the issue was raised and decided on a motion to dismiss. See Shaw, 463 U.S. at 93 n. 9, 103 S.Ct. at 2897 n. 9, and Delta Air Lines, Inc. v. Kramarsky, 485 F.Supp. 300, 302 (S.D.N.Y.1980) (one of the cases decided on the appeal in Shaw). There is not one assertion in any of the plaintiffs' complaints that would lead the court to conclude that the injuries alleged relate to anything other than an employee *795 benefit plan, as that term is defined by ERISA. See 29 U.S.C. § 1002(1), § 1002(2)(A), § 1002(3), and § 1003(a). The court therefore sees no reason why it should delay a ruling on the preemption argument.
The plaintiffs' second argument is more subtle. Essentially, the plaintiffs contend that what might ordinarily be considered state common-law claims are in fact now federal common-law claims, having been incorporated into the federal common law because of the "comprehensive" protection intended by ERISA "to promote the interests of employees and their beneficiaries in employee benefit plans." Shaw, 463 U.S. at 90, 103 S.Ct. at 2896. In support, they cite Kuntz v. Reese, 760 F.2d 926 (9th Cir.1985), vacated on other grounds, 785 F.2d 1410 (9th Cir.1986) (per curiam), cert. denied, 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986).
In Kuntz, the court found that a state common-law claim for misrepresentation was preempted by ERISA. Id. at 935. See also Anderson v. John Morrell and Co., 830 F.2d 872, 875 (8th Cir.1987), and Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1215 (8th Cir.1981), cert. denied, 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981). The court also found, however, that the plaintiffs' allegations of misrepresentation stated a claim for breach of fiduciary duty under ERISA. Kuntz, 760 F.2d at 935; see also 29 U.S.C. § 1104(a)(1).
As a practical matter, the effect of finding certain state common-law causes of action preempted but then holding that the allegations as to those causes of action are sufficient to state a claim under ERISA seems to be only that the number of separate fact questions to be answered at trial would be reduced. Certainly the court in Kuntz did not hold that the allegations in question stated federal causes of action separate from those stated under ERISA, and if that is the argument the plaintiffs are making here, this court declines to accept it.
However, following the reasoning used in Kuntz, this court finds that the plaintiffs' allegations as to common-law claims based on breach of contract[4] and negligence state a claim under ERISA for breach of fiduciary duty. See 29 U.S.C. § 1104(a). The court further finds that the plaintiffs' allegations as to common-law claims based on fraud, conversion, breach of fiduciary duty, right to an accounting,[5] and conspiracy state a claim under ERISA either for breach of fiduciary duty, taking into consideration the plaintiffs' allegations as to agency, see 29 U.S.C. § 1104(a), or for breach of duty by a co-fiduciary, see 29 U.S.C. § 1105(a), or for both.
For the reasons discussed, the court holds, therefore, that although state common-law claims are preempted under ERISA and will be dismissed as state claims, the court will not strike the allegations in counts 4-11 of the plaintiffs' first amended complaint or those in paragraphs 30-43 of the complaint of intervening plaintiff F & M Bank Pension Plan but instead will construe those allegations as descriptive *796 of the claims that can admittedly be brought under ERISA.

II.
Defendant Continental Assurance Company also moved to dismiss entirely the complaint as to plaintiff Haskell Jackson IRA, alleging that because its claims are based on an individual retirement account (IRA) they are not covered by ERISA and that no diversity exists that would permit those claims to be brought as state law claims in this court. In response, the plaintiffs apparently conceded that IRAs are not covered by ERISA but suggested that the court may exercise pendent party jurisdiction over plaintiff Jackson IRA to resolve its state common-law claims, which are identical to the common-law claims construed above as describing the ERISA claims asserted by the other plaintiffs. In reply to that response, defendant Continental Assurance Company states that "the interests of judicial economy and efficiency would be best served" by the court's allowing plaintiff Jackson IRA to remain in the suit.
It is clear that since ERISA covers only those employee benefit plans established or maintained by employers, employee organizations, or both, see 29 U.S.C. § 1003(a), and since IRAs are established and maintained by individuals, plaintiff Jackson IRA is not covered by ERISA. The claims on its behalf under counts 1-3 of the plaintiffs' complaint must, therefore, be dismissed.
The dismissal of those counts leaves, as to plaintiff Jackson IRA, only the counts alleging state common-law claims. Furthermore, since no federal question exists as to plaintiff Jackson IRA, the only basis for jurisdiction over state law claims as to plaintiff Jackson IRA is diversity of citizenship. See 28 U.S.C. § 1331, § 1332. However, both plaintiff Jackson IRA and at least one of the defendants are citizens of Arkansas, so that diversity, and therefore jurisdiction, is lacking.
The parties have suggested that plaintiff Jackson IRA could be retained as a plaintiff under the doctrine of pendent party jurisdiction. The court, however, does not agree.
In Aldinger v. Howard, 427 U.S. 1, 6, 96 S.Ct. 2413, 2416, 49 L.Ed.2d 276 (1976), the Supreme Court noted, "The question whether `pendent' federal jurisdiction encompasses not merely the litigation of additional claims between parties with respect to whom there is federal jurisdiction, but also the joining of additional parties with respect to whom there is no independent basis of federal jurisdiction, has been much litigated ... and much discussed" (emphasis in original). In Aldinger, the question was whether a plaintiff could sue an additional defendant who was not subject to suit under the federal law used as a basis for claims against other defendants but who was subject to suit on a state law claim arising from the same circumstances that precipitated the federal claim. Id. at 2-3, 96 S.Ct. at 2414-15. Finding that the specific jurisdictional grant by Congress as to the federal claim was intended to preclude actions against the type of additional defendant sought to be included, the Court held that the federal court could not exercise pendent jurisdiction over that defendant, even though that defendant was being sued only on a state law claim. Id. at 17, 96 S.Ct. at 2421.
The Court indicated, however, that each decision as to pendent party jurisdiction would have to be considered individually and that "as against a plaintiff's claim of additional power over a `pendent party,' the reach of the statute conferring [federal] jurisdiction should be construed in light of the scope of the cause of action as to which federal judicial power has been extended by Congress." Id. (emphasis in original). Distinguishing the result in Aldinger from the result that might be reached in some other case, the Court acknowledged, "Other statutory grants and other alignments of parties and claims might call for a different result." Id. at 18, 96 S.Ct. at 2422. The Court suggested in conclusion that "[i]f the new party sought to be joined is not otherwise subject *797 to federal jurisdiction, there is a more serious obstacle to the exercise of pendent jurisdiction than if parties already before the court are required to litigate a state-law claim." Id.
The circumstances in the case before this court are different from those in Aldinger, however, in that no one disputes, apparently, the propriety of this court's jurisdiction over any defendant; instead, it is the presence of one of the plaintiffs that is challenged. Even so, the parties evidently concede that the alleged actions of the defendants were the same in relation to plaintiff Jackson IRA as they were in relation to the other plaintiffs, the only distinction being that it was plaintiff Jackson IRA that was allegedly defrauded instead of a pension plan.
In Weinberger v. Kendrick, 698 F.2d 61, 76 (2d Cir.1982), cert. denied, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983), the court encountered circumstances somewhat similar to those facing this court. That case involved the joinder in a settlement of one set of plaintiffs who had purchased securities, and therefore asserted both federal securities claims and state fraud claims, with another set of plaintiffs who had only held securities and therefore could assert only state fraud claims. Id. In approving the settlement as to all plaintiffs, the court noted the "difficult jurisdictional question ... raised by the inclusion of persons ... [who] lack the federal claim necessary as a predicate to pendent jurisdiction" and acknowledged that federal jurisdiction with respect to such plaintiffs "seemingly would have to rest on the notion that when there is federal jurisdiction over the claims of many parties having both federal and state claims with a common nucleus of law and fact, a federal court, in the exercise of sound discretion, may also join as plaintiffs persons holding only state claims having such a nexus." Id.
The court in Weinberger concluded that the exercise of pendent party jurisdiction was appropriate for three reasons. First, it noted that since the federal court was the only forum in which the federal claims could be tried, the complete disposition of all claims could be had only in federal court, so that judicial economy would best be served by keeping all of the claims in that court. Second, it noted that the exercise of pendent party jurisdiction over additional plaintiffs did not involve the same difficulties as pendent party jurisdiction over additional defendants, because there was no question as to the willingness of the additional plaintiffs to be before the court. Id. at 77. Third, the court noted that the state fraud claims asserted by the additional plaintiffs had also been raised by the plaintiffs who had federal claims, so that the state fraud claims were already before the court. Id. See also Silver Motor Freight Terminal, Inc. v. Teamsters Local Union No. 957, 537 F.Supp. 188, 193-95 (S.D. Ohio 1982), appeal dismissed without opinion, 725 F.2d 685 (6th Cir.1983) (allowing two plaintiffs with state law claims only to remain as pendent parties in a suit where other plaintiffs had both federal and state claims, because the two plaintiffs were obviously willing to submit to the jurisdiction of the court and because the state claims were already before the court), and Santoni v. United States, 450 F.Supp. 608, 612 (D.Md.1978) (allowing a husband with only a state law claim for his wife's medical expenses to remain as a pendent plaintiff in a suit where his wife had a federal claim against the United States government for injuries, because the federal court was the only forum in which the federal claim could be tried).
It is true that the ERISA claims in this case may be tried only in a federal court. See 29 U.S.C. § 1109(a), § 1132(e)(1). It is also true that plaintiff Jackson IRA is willingly before the court and that its claims do not involve any defendant who is not already also before the court. However, because of the preemption effect of 29 U.S.C. § 1144(a), the other plaintiffs do not have state common-law claims before the court.[6] The arguments for judicial economy in this case, then, are not the same as in the cases discussed above, because the finder of fact would have to answer entirely *798 different questions for plaintiff Jackson IRA than it would for all of the other plaintiffs.[7] In short, although the federal ERISA claims and the state claims are related because they were both precipitated by the alleged actions of the defendants and the effect of those actions on the retirement planning arrangements of all of those who would be plaintiffs, the court finds that the potential difficulties of allowing the presentation of two parallel cases, based on different legal theories, outweigh the benefits that could be obtained by combining the cases. The court therefore declines to exercise pendent party jurisdiction as to plaintiff Jackson IRA and will dismiss it without prejudice from this suit.

III.
Defendant Continental Assurance Company has moved for judgment on the pleadings as to counts 4-11 of the complaint of intervening plaintiff Ozark Supply Company Pension Trust. The counts in question contain the same allegations as those in counts 4-11 of the plaintiffs' first amended complaint and in paragraphs 30-43 of the complaint of intervening plaintiff F & M Bank Pension Plan.
Motions for judgment on the pleadings, see Fed.R.Civ.P. 12(c), "cannot be granted if any material issue cannot be resolved on the pleadings." See 5 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1368 at 693 (1969). Such motions "have utility [only] when all material allegations of fact are admitted in the pleadings and only questions of law remain." Id., § 1367 at 685. "A motion for judgment on the pleadings ... is directed towards a determination of the substantive merits of the controversy; thus, courts are unwilling to grant a judgment under Rule 12(c) unless it is clear that the merits of the controversy can be fairly and fully decided in this summary manner." Id., § 1369 at 698. Furthermore, if any defenses available under Fed. R. Civ. P. 12(b)(6) "are asserted upon a Rule 12(c) motion, presumably the court will apply the same standards for granting the appropriate relief as it would have employed had the motion been brought" under Fed.R.Civ.P. 12(b)(6). Id., § 1367 at 688.
The essence of defendant Continental Assurance Company's motion is that counts 4-11 of the complaint of intervening plaintiff Ozark Supply Company Pension Trust fail to state a claim. For that reason, the court will construe defendant Continental Assurance Company's motion for judgment on the pleadings as a motion to dismiss and will grant that motion as to counts 4-11 of the complaint of intervening plaintiff Ozark Supply Company Pension Trust. For the reasons discussed earlier, however, the court declines to strike those allegations from the pleading.

IV.
Finally, the court notes that since the motions discussed were filed, the plaintiffs have filed a second amended complaint. It does not appear to the court that the second amended complaint is substantially different in its allegations from the first amended complaint. To eliminate the necessity of defendant Continental Assurance Company's making identical motions as to the second amended complaint, this memorandum opinion and order are therefore directed to the second amended complaint as well as the first.
NOTES
[1] There are 17 plaintiffs and two intervening plaintiffs in the lead case (No. 86-5192). The plaintiff in the secondary case (No. 87-5091) is one of the intervening plaintiffs in the lead case. For the sake of simplicity, the court will characterize the parties according to their roles in the lead case.
[2] Before 1974, several of the employers had pension plans directly with defendant Continental Assurance Company. In that year the structural arrangement was changed so that the administration of contributions was handled through an intermediary.
[3] William Morton and the Morton agencies are currently in bankruptcy. George Morton has been through bankruptcy, and his debts have been discharged. Thus Continental Assurance Company is the only defendant actively involved at this point.
[4] The court has characterized a request for declaratory judgment as to the validity of the contract between the plaintiffs and defendant Continental Assurance Company as a claim based on breach of contract. It is clear that the statute allowing federal courts to make declaratory judgments, 28 U.S.C. § 2201(a), does not create a cause of action itself but merely creates a remedy when a plaintiff has already stated a cause of action for which the federal court has jurisdiction. See, e.g., Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950). The question on which the plaintiffs seek a declaration of their rights is, essentially, whether defendant Continental Assurance Company has breached its contract with the plaintiffs by refusing to credit certain contributions to the plaintiffs' pension plans. This is a question of state contract law. Id. Since the court finds, however, that the allegations based on breach of contract state a claim under ERISA, see 29 U.S.C. § 1104(a), and since declaratory relief is available under ERISA, see 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3)(B)(ii), see also, e.g., Fine v. Semet, 699 F.2d 1091, 1093 (11th Cir.1983), the problem of what to do with these allegations has been resolved for now.
[5] The remedy of an accounting is available under ERISA. See, e.g., Old Security Life Insurance Co. v. Continental Illinois National Bank and Trust Co., 740 F.2d 1384, 1397 (7th Cir. 1984).
[6] The court's construction of the complaint's allegations as stating a claim under ERISA is a different matter from its dismissal of those allegations as state causes of action.
[7] In addition, while the finder of fact will have to resolve factual questions as to only three federal claims, it could have to resolve factual questions on at least six state claims.