**Michael MACIOSEK and Kathleen Maciosek, Plaintiffs–Appellants,**

**and**

**Marjan R. Kmiec, one of the attorneys for the plaintiffs, Appellant,**

**v.**

**BLUE CROSS & BLUE SHIELD UNITED OF WISCONSIN, Defendant–Appellee.**

**No. 90–1379.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 1990.

Decided April 15, 1991.

Marjan R. Kmiec, Christopher A. McConville, Milwaukee, Wis., for plaintiffs-appellants.

Kim M. Cafaro, Laurel Barnes, Milwaukee, Wis., for defendant-appellee.

Christopher A. McConville, Marjan R. Kmiec, Milwaukee, Wis., for appellant.

Before CUMMINGS, MANION, and KANNE, Circuit Judges.

MANION, Circuit Judge.

Kathleen and Michael Maciosek appeal the district court's decision to dismiss their

lawsuit against Blue Cross and Blue Shield ("Blue Cross"). Their counsel, Marjan R. Kmiec of Kmiec Law Offices, appeals the court's imposition of Rule 11 sanctions. We affirm both district court rulings.

## I.

Kathleen Maciosek was treated for fertility problems between 1986 and 1988. As wife and dependent of Michael Maciosek, an employee of Trent Tube Division, Crucible Materials Corporation, she was covered by a Blue Cross group health insurance plan for Trent Tube employees and dependents. Blue Cross initially paid approximately $4,000 for in vitro fertilization (IVF) treatments administered by Dr. K. Paul Katayama at Waukesha Memorial Hospital. When Blue Cross determined it was not obligated to pay for the IVF treatments, it recovered the payments from Dr. Katayama and the hospital, leaving the Macioseks responsible for the bill.

The Macioseks sued Blue Cross on May 30, 1989 in the Circuit Court for Waukesha County, claiming that Blue Cross breached their insurance contract, tortiously interfered with their contractual relationship with Dr. Katayama and the hospital, intentionally inflicted emotional distress on them, and violated Wisconsin common law which prohibits an insurer from recovering mistaken payments unless the payment was caused by a mistake of fact. On June 30, 1989, Blue Cross succeeded in removing the case to the United States District Court for the Eastern District of Wisconsin because it presents a federal question governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* On July 3, 1989, Blue Cross filed motions to dismiss and for Rule 11 sanctions, arguing that the Maciosek's state law claims were preempted by ERISA and were frivolous. The Macioseks filed a brief in opposition to the motion to dismiss and for sanctions, arguing that ERISA did not preempt their claims and that a split of authority on the issue made their argument

reasonable and nonfrivolous. The district court granted Blue Cross' motion to dismiss, and awarded Blue Cross 50 percent of its reasonable costs and attorneys fees under Fed.R.Civ.P. 11. The district court held that the Macioseks' attorneys knew from their involvement in previous cases that two of the Macioseks' four claims had been ruled preempted by ERISA, yet the attorneys failed to even cite the relevant cases. The Macioseks appeal the dismissal of their claims, and their lead counsel, Marjan R. Kmiec of Kmiec Law Offices, appeals the ruling on sanctions.

## II.

The Supreme Court thoroughly discusses the preemptive scope of ERISA in a series of four opinions authored by Justice O'Connor. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *FMC Corp. v. Holliday,* —— U.S. ——, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990); *Ingersoll–Rand Co. v. McClendon,* —— U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). Congress passed "the massive undertaking of ERISA"[1] to " 'promote the interests of employees and their beneficiaries in employee benefit plans.' " *Ingersoll–Rand,* 111 S.Ct. at 482, quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). This comprehensive statute " 'imposes participation, funding, and vesting requirements on pension plans. It also sets various uniform standards, including rules concerning reporting, disclosure, and fiduciary responsibility, for both pension and welfare plans.' " *Ingersoll–Rand, id.,* quoting *Shaw, id.* at 91, 103 S.Ct. at 2896. ERISA's comprehensive regulatory scheme provides safeguards to prevent abuse and to effectuate its purposes, including a broad preemption provision (29 U.S.C. § 1144), a provision which precludes interference with rights protected by ERISA (29 U.S.C. § 1140), and a "carefully integrat-

---

**1.** *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 44, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987).

ed" civil enforcement scheme (29 U.S.C. § 1132(a)). *Ingersoll–Rand, id.*

"In determining whether federal law preempts a state statute, we look to congressional intent." *FMC Corp.*, 111 S.Ct. at 407. "Where, as here, Congress has expressly included a broadly worded preemption provision in a comprehensive statute such as ERISA, our task of discerning congressional intent is considerably simplified." *Ingersoll–Rand*, 111 S.Ct. at 482. "The pre-emption clause is conspicuous for its breadth," *FMC Corp.*, 111 S.Ct. at 407, and should be "expansively applied." *Ingersoll–Rand*, 111 S.Ct. at 482. That clause provides:

> Except as provided in subsection (b) of this section [the saving clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.

29 U.S.C. § 1144(a). Two other provisions of ERISA are relevant in determining the scope of preemption Congress intended—the saving clause and the deemer clause. The saving clause provides:

> Except as provided in subparagraph (B) [the deemer clause], nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

29 U.S.C. § 1144(b)(2)(A). The deemer clause provides:

> Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

29 U.S.C. § 1144(b)(2)(B). The Supreme Court has noted that these clauses "are not a model of legislative drafting," *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985), but "[t]heir operation is nevertheless discernible," *FMC Corp.*, 111 S.Ct. at 407:

> [The pre-emption clause] establishes as an area of exclusive federal concern the subject of every state law that "relate[s] to" an employee benefit plan governed by ERISA. The saving clause returns to the States the power to enforce those state laws that "regulat[e] insurance," except as provided in the deemer clause. Under the deemer clause, an employee benefit plan governed by ERISA shall not be "deemed" an insurance company, an insurer, or engaged in the business of insurance for purposes of state laws "purporting to regulate" insurance companies or insurance contracts.

*FMC Corp., id.*

In *Taylor, supra* at 538, the Supreme Court ruled that state common law contract and tort claims arising from an employer's termination of disability benefits were preempted by ERISA and removable from state to federal court. In *Pilot Life* the Court went further, holding that ERISA preempts all state common law causes of action based on the alleged improper processing of a claim for benefits. In that case, the plaintiff sought contract damages, tort damages for mental and emotional distress, and punitive damages, but failed to assert any ERISA causes of action. All of the plaintiff's claims were held preempted. In *FMC Corp.*, the Court held that ERISA preempts a state law precluding employee welfare benefit plans from exercising subrogation rights on a claimant's tort recovery. And in *Ingersoll–Rand*, the Court held that a state common law cause of action based on an alleged wrongful discharge, which sought punitive damages and recovery for future lost wages and mental anguish rather than lost pension benefits, was also preempted by ERISA. While *FMC Corp.* and *Ingersoll–Rand* were decided after briefing and oral argument in this case, the Macioseks will find no comfort there; ERISA's preemptive power remains virtually undefeated.

## III.

The Macioseks' efforts to avoid the clear preemptive mandate of ERISA are unpersuasive. The state law causes of action alleged by the Macioseks obviously are preempted under the Supreme Court's construction of ERISA. As the Macioseks admit, all of the claims are based on the improper denial of benefits by an ERISA-regulated health care plan. This court previously has ruled that state common law claims for punitive damages based on an alleged improper denial of benefits is preempted by ERISA. *Reilly v. Blue Cross & Blue Shield*, 846 F.2d 416, 418 (7th Cir.), *cert. denied* 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988). Although we review the district court's grant of a Fed.R.Civ.P. 12(b)(6) motion to dismiss *de novo*, this is a case where "it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

The Macioseks essentially make two arguments for reversal: first, that their claims are valid under the saving clause because they are based on laws "regulat[ing] insurance," [2] and second, that in the alternative their state common law claims should be construed as federal claims for ERISA benefits. Neither contention requires extended discussion.

The district court properly analyzed whether these state law claims regulated insurance within the meaning of 29 U.S.C. § 1144(b)(2)(A). The court concluded, based on its previous decision in *Meyer v. Employers Health Ins. Co.*, 722 F.Supp. 547, 552–53 (E.D.Wis.1989), that the counts for breach of contract, tortious interference with a contractual relationship, and intentional infliction of emotional stress, were not saved from preemption. These claims do not qualify for the saving clause under any of the factors listed by the Supreme Court in *Pilot Life*, 481 U.S. at 48–57, 107 S.Ct. at 1553–1558. They do not specifically impact the insurance industry, but are laws of general application. Nor are they part of the "business of insurance" under the McCarran–Ferguson Act. Further, ERISA's civil enforcement scheme was designed to provide a remedy for these types of alleged wrongs. *See Pilot Life*, 481 U.S. at 53–54, 107 S.Ct. at 1556–1557. The same analysis precludes the Macioseks' claim under the Wisconsin common law which prohibits an insurer from recovering payments absent a mistake of fact. This Wisconsin common law doctrine does not regulate the insurance industry, and is derived from generally applicable principles of contract law, similar to the Mississippi insurance law at issue in *Pilot Life*, 481 U.S. at 51, 107 S.Ct. at 1555. It does not transfer or spread the policyholder's risk, or "define the terms of the relationship between the insurer and the insured," *id.* Finally, the claim is based on a circumstance—a dispute over employee insurance benefits—that the civil enforcement provisions of ERISA were designed to remedy. The district court properly held these claims preempted by ERISA.

Next the Macioseks reverse their field and contend the district court should have construed these state common law claims as ERISA claims. The Macioseks' attorneys (Kmiec Law Offices), experienced counsel for numerous plaintiffs with insurance claims against Blue Cross, are intimately familiar with ERISA's preemptive power. In fact, they have been heavily involved in the cases establishing precedent in this circuit that ERISA preempts state common law claims. *See Reilly, supra* at 540; *Smith v. Blue Cross & Blue Shield*, 724 F.Supp. 618 (E.D.Wis.1989); *Meyer, supra* at 540; *Tomczyk v. Blue Cross & Blue Shield*, 715 F.Supp. 914 (E.D.Wis. 1989). In all of those cases, the Macioseks' attorneys pleaded both state common law and ERISA claims. Their decision here to

---

**2.** The Macioseks throw in a new wrinkle on appeal, arguing that Blue Cross is not a fiduciary for purposes of ERISA, and that ERISA therefore does not apply to this action. *See* 29 U.S.C. § 1002(21)(A). As an argument raised for the first time on appeal, the issue is waived. *See, e.g., Barnett v. Stern*, 909 F.2d 973, 978 (7th Cir.1990), citing *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir.1989), *cert. denied*, — U.S. ——, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1990).

file only state claims in state court, thereby ignoring ERISA, can only be seen as a strategic attempt to avoid removal to federal court. The Macioseks never sought to amend their complaint to add ERISA counts, even after their strategy failed and the case was removed to federal court. They are bound by those decisions.

The Macioseks cite two district court cases where the failure to specifically plead ERISA claims was not held against plaintiffs. Both are distinguishable, and neither supports the proposition that district courts are obligated to construe state claims as federal claims when plaintiffs choose to proceed solely under state law. In *Cedar Rapids Pediatric Clinic Pension Plan v. Continental Assur.*, 690 F.Supp. 792 (W.D. Ark.1988), the court chose to construe the preempted state law claims as stating claims under ERISA. However, the plaintiffs in that case did seek the appropriate relief under ERISA in their original complaint; the court specifically "decline[d] to accept" the argument that the "[state law] allegations in question stated federal causes of action *separate* from those stated under ERISA ...". 690 F.Supp. at 795. In *Armbruster v. Benefit Trust Life Ins. Co.*, 687 F.Supp. 403 (N.D.Ill.1988), although the court granted a Fed.R.Civ.P. 12(b)(6) motion to dismiss, in dicta it indicated a willingness to construe the state law claims as ERISA claims if they properly pleaded an arbitrary or capricious denial of benefits. 687 F.Supp. at 405–06. While it may have been within the court's discretion to go that far in search of a valid cause of action, we would not encourage such an effort when a plaintiff has deliberately avoided a federal cause of action. In any event, the only reference to "arbitrary" in the Macioseks complaint related to Blue Cross' method of demanding reimbursement from hospitals and doctors. This is different than alleging arbitrariness in Blue Cross' decision to deny benefits to

the Macioseks, and would not state a claim even under the *Armbruster* approach.

## IV.

After granting Blue Cross' motion to dismiss, the district court imposed Rule 11 sanctions on the Macioseks' counsel, Marjan Kmiec of Kmiec Law Offices, in the amount of 50 percent of Blue Cross' reasonable costs and attorneys' fees.[3] The district court found that the Macioseks' breach of contract and tortious interference with contract claims were frivolous primarily because Kmiec ignored a recent case, *Tomczyk, supra,* from the Eastern District of Wisconsin that held those claims preempted by ERISA. In that case, Kmiec Law Offices represented the plaintiff. Yet not only did he file this claim after *Tomczyk,* he failed to distinguish it, argue it was wrongly decided, or even acknowledge its existence. We must decide whether the district court abused its discretion in sanctioning Kmiec. *See Cooter & Gell v. Hartmarx Corp.,* —— U.S. ——, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990); *Automatic Liquid Packaging, Inc. v. Dominik,* 909 F.2d 1001, 1004 (7th Cir.1990).

■ Kmiec fails to make his best argument—that the district court improperly imposed Rule 11 sanctions based on a pleading filed in state court and removed to federal court over his objection. This question was raised at oral argument, and initially appeared to present a problem. *See Schoenberger v. Oselka,* 909 F.2d 1086, 1087 (7th Cir.1990) ("... Rule 11 does not grant district courts the authority to impose sanctions merely for signing and filing a state court complaint that the defendants have removed to federal court ...".) However, after a careful review of the district court's opinion, we conclude that the imposition of sanctions was also based on Kmiec's filing in federal court of a brief

---

3. Federal Rule of Civil Procedure 11 provides in relevant part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable in-

quiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

in opposition to the motion to dismiss. That brief also failed to distinguish, discuss or cite the *Tomczyk* decision. In *Schoenberger*, where we reversed Rule 11 sanctions based on pleadings filed in state court, we pointed out that "[i]f Schoenberger ... had signed and filed any paper opposing the district court's decision to dismiss his (we assume) frivolous complaint, the court could have imposed Rule 11 sanctions for that filing." 909 F.2d at 1088 (citations omitted). This is that case. Although the district court mostly discussed the pleadings filed in state court, its reference to the brief in opposition to the motion to dismiss, signed and filed in federal court, brings these sanctions within its Rule 11 authority.

 Kmiec argues that the ERISA claims in *Tomczyk* were still pending at the time the Macioseks' claims were filed, so the decision was not a final judgment and no appeal was possible. While that is true, it does not explain why Kmiec failed to distinguish a case from the Eastern District of Wisconsin that directly resolved two of the Macioseks' claims. Ignoring precedent from the same jurisdiction is not making a "good faith argument for the extension, modification, or reversal of existing law ...". Fed.R.Civ.P. 11. And like it or not, *Tomczyk* was the "existing law" of the district court when these claims were filed, and when Kmiec filed his brief in opposition to the motion to dismiss.

None of Kmiec's other arguments for reversal warrant significant discussion. While we strongly disagree with Kmiec's contention that the preemption issue relating to state common law claims was unclear at the time he filed his claims, we reiterate that his failure to discuss or distinguish existing law warranted sanctions. Kmiec is also concerned that we will "chill" the bringing of lawsuits by ERISA plaintiffs. *See generally Marquardt v. North American Car Corp.*, 652 F.2d 715, 721 (7th Cir.1981) ("[A] court will seldom abuse its discretion by refusing to award attorneys' fees and costs to [an ERISA] defendant."). But Kmiec is not being sanctioned for bringing an ERISA claim; in essence he is being sanctioned for bringing frivolous state common law claims that probably should have been brought under ERISA. Finally, the district court adequately justified its award of fifty percent of fees and costs to Blue Cross.

Blue Cross asks for attorneys' fees and double costs pursuant to Fed.R.Civ.P. 38 in defending what it believes is a frivolous appeal. Although the Macioseks' claim was weak, we decline the invitation to impose further sanctions. Two of the four counts below were considered frivolous because Kmiec ignored the *Tomczyk* case, which had not yet been appealed to this court. Because this is the first time this court has considered some of these issues, Blue Cross' request for fees and costs on appeal is denied.

The district court's dismissal of the Macioseks' claims pursuant to Fed.R.Civ.P. 12(b), and the award of Rule 11 sanctions to Blue Cross are

AFFIRMED.