**HOSPITAL CORPORATION OF AMERICA d/b/a Centennial Medical Center, Plaintiff,**

v.

**PIONEER LIFE INSURANCE COMPANY OF ILLINOIS, American States Life Insurance Company, Wal–Mart Associates Group Health Plan, and Prompt Associates, Inc., Defendants.**

No. 3:92–0981.

United States District Court, M.D. Tennessee, Nashville Division.

Nov. 19, 1993.

Kenneth Gregory Tucker, Hospital Corp. of America, Legal Dept., Nashville, TN, F. Carlton King, Jr., Chad A. Shultz, Ford & Harrison, Atlanta, GA, for plaintiff.

Randall Chadwell Ferguson, Manier, Herod, Hollabaugh & Smith, George Bow McGugin, Watkins, McGugin, McNeilly & Rowan, Nashville, TN, for defendants.

### MEMORANDUM

WISEMAN, District Judge.

Hospital Corporation of America (HCA) brings this case under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and federal common law. The first three counts of HCA's complaint allege that Prompt Associates wrongfully denied benefits to participants in employee benefit plans sponsored by Pioneer Life, American States Life, and Wal–Mart.

HCA claims that Prompt is an administrator or fiduciary of all three plans. The fourth count of HCA's complaint alleges that Prompt is guilty of tortious interference with the contractual relationship between HCA and Pioneer Life, American States Life, and Wal–Mart because it encouraged plan administrators not to pay benefits due under the employee benefits plans at issue. Pending before the Court are Prompt's Motion to Dismiss and Motion for Rule 11 Sanctions. The Court GRANTS the Motion to Dismiss and DENIES the Motion for Rule 11 Sanctions.

I.

A party may bring suit under ERISA against an Employee Benefit Plan itself, 29 U.S.C. §§ 1132(a)(1)(B) and 1132(d), or against a plan fiduciary. 29 U.S.C. §§ 1109(a) and 1105(a); *e.g., Baxter v. C.A. Muer Corp.,* 941 F.2d 451 (6th Cir.1991). In its Motion to Dismiss, Prompt argues that the first three counts of HCA's complaint should be dismissed because Prompt is not a fiduciary under the statute.

Prompt has submitted the affidavit of its executive vice president, in which he states that Prompt's only role in the administration of the benefits plans was to compare charges billed for outpatient surgical procedures on particular patients with charges billed for other patients by health care providers in the same geographical area. The affidavit states that Prompt only supplied information, and did not have any decisionmaking authority over payment of claims. If Prompt's claims are true, Prompt does not meet the statutory definition of a fiduciary. 29 U.S.C. § 1002(21)(A).

A motion to dismiss supported by affidavit may be treated as a Rule 56 motion for summary judgment. Fed.R.Civ.P. 12(b). When a motion for summary judgment is made and supported by affidavit the opposing party may not rest on its pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). HCA filed its Response to Defendant's Motion to Dismiss on April 1, 1993. In its response, HCA argued that it

was entitled to conduct discovery on the question of Prompt's fiduciary status before the Court ruled on Prompt's motion. More than seven months have passed since HCA filed its response, and HCA has not submitted any evidence to rebut the claims made by Prompt's executive vice president. Because HCA has had a reasonable opportunity to respond to the evidence presented by Prompt, but has failed to do so, summary judgment is appropriate as to the first three counts of HCA's complaint.

## II.

◼ The only remaining claim is that of tortious interference with contract. HCA concedes that a state law claim for tortious interference with contract would be preempted by ERISA. ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). The Supreme Court has given a "broad common-sense meaning" to the phrase "relate to," holding that a state law claim relates to an employee benefit plan if "it has a connection with or reference to such a plan." *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). Courts have repeatedly held that ERISA preempts state law claims for tortious interference with contract. *E.g., Greany v. Western Farm Bureau Life Ins. Co.*, 973 F.2d 812 (9th Cir.1992); *Maciosek v. Blue Cross & Blue Shield*, 930 F.2d 536 (7th Cir.1991).

HCA's contention is that ERISA invites federal courts to enforce a federal common law cause of action for tortious interference with contract. The Sixth Circuit has held that " '[t]he legislative history [of ERISA] demonstrates that Congress intended federal courts to develop federal common law in fashioning' relief under ERISA." *Whitworth Bros. Storage Co. v. Central States*, 794 F.2d 221, 235–36 (6th Cir.1986) (quoting *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 156, 105 S.Ct. 3085, 3097, 87 L.Ed.2d 96 (1985) (Brennan, J., concurring)). For example, "courts are authorized to create federal common law governing an employer's right of restitution when the provi-

sions of ERISA preempt the state law of restitution." *Id.* at 236 n. 23. In arguing that this Court should recognize a federal common law cause of action for tortious interference with contract, HCA relies upon cases recognizing a federal common law action for restitution. The restitution cases do not, however, support the conclusion that this court should entertain an action for tortious interference with contract under federal common law.

Unlike the proposed cause of action for tortious interference with contract, equitable claims for restitution or unjust enrichment have a basis in the language of the statute. The statute provides that "the assets of a plan shall never inure to the benefit of any employer," 29 U.S.C. § 1103(c)(1); the statute also states, however, that this provision "shall not prohibit" refund of certain erroneously paid contributions. 29 U.S.C. § 1103(c)(2)(A). Courts that have recognized a federal common law cause of action for restitution have relied upon the language of § 1103. In *Kwatcher v. Mass. Service Employees Pension Fund*, 879 F.2d 957 (1st Cir.1989), the court held that Congress intended to allow claims for restitution of erroneously paid contributions even though such actions are not specifically provided for in the statute. The court reasoned that it was unlikely that Congress intended to enact a "self-nullificatory refund provision," or to permit pension funds to "sponge off an employer's good-faith bevues." *Id.* at 966; *see also Plucinski v. I.A.M. Nat. Pension Fund*, 875 F.2d 1052, 1058 (3rd Cir.1989) (concluding that Congress intended to allow pension funds to return mistaken contributions, and did not intend to forbid a federal common law action for restitution).

The tort of interference with contract, on the other hand, has no basis in the language of the statute. The only section of ERISA which deals with interference with a participant's rights under a benefits plan is § 1140. Section 1140 provides that it is unlawful to retaliate against a participant for exercising his rights under a plan. This provision is aimed at employers, to prevent them from denying benefits through intimidation. *See West v. Butler*, 621 F.2d 240, 245 (6th Cir.

1980). Further, there is no indication that ERISA was meant to apply to a third-party to an employee benefit plan, unless that party qualifies as a fiduciary. Section 1132 allows plan participants to bring actions to (1) force an administrator to disclose plan information; (2) recover benefits due under the plan; (3) enforce rights under the plan; (4) clarify rights to future benefits under the plan; (5) obtain relief for a breach of fiduciary duty; (6) enjoin or obtain other equitable relief from a violation of ERISA or the terms of the plan; and (7) obtain relief for failure to provide information regarding the plan. 29 U.S.C. § 1132. None of the actions listed under § 1132 apply to a third-party to an employee benefit plan.

The Court has located only one case that directly addresses the question whether ERISA allows a federal common law action for tortious interference with contract: *Victor v. Home Savings of America,* 645 F.Supp. 1486 (E.D.Mo.1986). In *Victor,* the court held that creation of a tort for interference with contract under ERISA would be inappropriate:

> If the reduction of plaintiffs' benefits was improper under ERISA, then § 1132 of ERISA provides a cause of action for recovery of these benefits. On the other hand, if the reduction was proper under the Title IV allocation scheme, then a cause of action for tortious interference would conflict with the statute. Thus, a cause of action for tortious interference with the contract, at best, would provide plaintiffs with no additional protection and, at worst, would interfere with the administration of plan terminations under Title IV of ERISA.

*Id.* at 1495–96. The *Victor* court relied upon the reasoning of *United Electrical v. Amcast Industrial Corp.,* 634 F.Supp. 1135 (S.D.Ohio 1986). The plaintiff in *Amcast* asked the court to hold that the defendant's decision to terminate benefits violated the "federal common law of health and welfare or pension benefits." *Id.* at 1142–43. The court held that to the extent that ERISA already protected against termination of certain benefit rights, there was no void to be filled by federal common law, and that to the extent

plaintiff was asking for protection beyond that provided for by ERISA, such a claim was not appropriate. The reasoning of the *Victor* and *Amcast* cases applies equally to this case. If HCA was improperly denied benefits under ERISA it has a claim against the plan under § 1132. If, however, benefits were properly denied, any role played by Prompt in inducing such denial is consistent with the statute.

For the forgoing reasons, the Court holds that there is no federal common law cause of action for tortious interference with contract under ERISA. Accordingly, Prompt's Motion to Dismiss the action for tortious interference with contract is GRANTED.

### III.

■ The Court finds that this is not an appropriate case for Rule 11 sanctions. Prompt's role as a consultant to the employee benefits plans was a sufficient factual basis for HCA's claim that Prompt acted as a fiduciary. Likewise, there is no controlling precedent on the question whether there is a federal common law right of action for tortious interference with contract under ERISA. HCA's assertion of a claim for tortious interference was a good faith argument for the extension of existing law. Prompt's Motion for Rule 11 Sanctions is therefore DENIED.