Therese MARINO, et al., Plaintiffs,

v.

**CONTINENTAL CASUALTY CO., et al., Defendants.**

No. 1:02–CV–1208.

United States District Court, E.D. Wisconsin.

Oct. 28, 2003.

David G. Dudas, McCanna, Dudas, Kewley & Papendorf SC, Appleton, WI, for Plaintiffs.

Michael E. Heffernan, Philip F. Brown, Brenner, Brown, Golian & McCaffrey Co LPA, Columbus, OH, for Defendants.

## DECISION AND ORDER

GRIESBACH, District Judge.

Plaintiff Therese Marino is the surviving spouse of George Marino, who died in September, 2002 of pancreatic cancer. Marino had been covered under a disability policy issued by Continental Casualty as a benefit of his employment at Wisconsin Central Transportation.[1] Following a lengthy back-and-forth between doctors and the defendant insurance company, Continental sent a check to plaintiff for disability benefits in November, 2002. The check was returned by plaintiff, who wrote Continen-

tal that they would be hearing from her lawyer as a result of what she viewed as coverage that was too little, too late.

Plaintiff brought suit in Outagamie County Circuit Court, alleging that Continental had improperly denied, withheld or delayed benefits owed to Mr. Marino, which denial constituted a breach of the insurance contract, and that Continental had failed to deal fairly in evaluating Marino's claim. (Compl.¶¶ 7–11.) Continental's conduct was also alleged to be intentional and wanton, which justified an award of punitive damages. (Compl.¶ 12.) Continental removed the case to federal court on the grounds that this is an ERISA action, and plaintiff subsequently moved for remand. The remand petition is based on plaintiff's contentions that (1) ERISA does not preempt its causes of action, and (2) even if it did, Continental's own policy allows this claim to be brought in state, rather than federal, court. Continental also moved for summary judgment on the ground that ERISA preempts all of plaintiff's claims and that plaintiff has not pled any non-preempted claims.

## I. Analysis

This case initially presents two questions of law. The first is whether ERISA preempts plaintiff's state law causes of action, making removal to federal court proper. The second question, if removal is otherwise proper, is whether Continental has waived its right to proceed in federal court by virtue of language contained in its insurance policy.

### 1. Removal and Preemption

■ Plaintiff argues that removal is improper in this case because her claims

---

1. The plaintiff does not dispute that the policy comprises an ERISA plan, except to state summarily that "an insurance policy issued pursuant to a plan is not the plan itself".

(Pltf. Br. in Opp. at 3.) That might be the case, but that does not follow that the claims themselves do not arise under ERISA.

arise wholly under state law and Continental's contention that ERISA preempts her state law claims is simply an affirmative defense to those claims. Because her complaint states claims that arise under state law, and because state courts have at least concurrent jurisdiction over claims under ERISA, she argues that the assertion of federal jurisdiction over her action is improper. In support of her argument, plaintiff cites several district court decisions going back to the 1970's, each of which essentially held that in enacting ERISA, Congress did not intend to transform every claim under an employee group insurance policy into a federal action and declined jurisdiction. *See Ferris v. General Dynamics Corp.*, 645 F.Supp. 1354, 1359 (D.R.I.1986), *Lederman v. Pacific Mutual Life Ins. Co.*, 494 F.Supp. 1020, 1022 (C.D.Cal.1980), and *Cate v. Blue Cross & Blue Shield of Alabama*, 434 F.Supp. 1187, 1190–91 (E.D.Tenn.1977). In *Ferris*, for example, the district court found that:

> The claim of the instant plaintiffs, for example, plainly arises under state law. GDC's argument that the state law is preempted by LMRA and/or ERISA at best anticipates a defense; it does not alter the fundamental character of the plaintiffs' suit nor does it suffice to transmogrify a state law claim into a federal claim.

645 F.Supp. at 1359. Plaintiff urges that I adopt the same reasoning here.

■ The problem with the plaintiff's argument is that this position was squarely and explicitly rejected by the Supreme Court more than fifteen years ago and one year after the most recent of the district court decisions cited by plaintiff. In *Pilot Life Insurance v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Court held that state common law causes of action based on the alleged improper processing of a claim for disability benefits under an employee benefit plan are preempted by ERISA's express preemption clause, § 514(a), 29 U.S.C. § 1144(a). And in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), decided the same day, the Court held that where actions containing such claims were filed in state court, removal to federal court under 28 U.S.C. § 1441(b) is proper even though the defense of ERISA preemption does not appear on the face of the complaint.

Five years later, in *Smith v. Blue Cross & Blue Shield of Wisconsin*, the Seventh Circuit applied *Pilot Life* in affirming the district court's decision dismissing a complaint asserting claims almost identical to plaintiff's claims here. 959 F.2d 655 (7th Cir.1992). In *Smith*, the district court not only dismissed the plaintiff's action, but also imposed sanctions against the plaintiff's attorney pursuant to Fed.R.Civ.P. 11. With respect to the award of attorney's fees under Rule 11, the Seventh Circuit stated "[n]o reasonable attorney having read *Pilot Life* and *Taylor* could manufacture a good faith argument as to why this suit should be brought." 959 F.2d at 659.

Surprisingly, plaintiff fails to even mention *Pilot Life* or *Taylor* in her brief in support of her motion to remand. Instead, she argues that her state law contract and tort claims survive under ERISA's savings clause which excepts from preemption "any law of any State which regulates insurance . . . ." 29 U.S.C. § 1144(b)(2)(A). Although this argument was also rejected in *Pilot Life*, 481 U.S. at 48–55, 107 S.Ct. 1549, plaintiff's version of it here relies on various sections of the chapter of the Wisconsin Statutes governing insurance practices and a corresponding section of the Wisconsin Administrative Code. "In our case," plaintiff argues, "Wisconsin statutes (Chapters 600–655) and the Wisconsin Administrative Code § INS 6.11 represent laws 'regulating insurance'. It is from

these laws that the Plaintiff's cause of action arises." (Pltf. Br. at 3).

Plaintiff's argument is strained at best. The statutes and regulation she cites create no private right of action and afford no basis on which the relief she seeks could be granted. Wis. Stat. § 601.64 provides that the Wisconsin insurance commissioner may commence actions in state court to secure equitable relief. Similarly, Wis. Stat. § 601.71 contemplates action by the state's attorney general acting on behalf of the insurance commissioner. The plaintiff also points out that Wis. Stat. § 600.12 states that these chapters should be "liberally construed". But as plaintiff herself acknowledges, the only relevance the statutes and regulations she cites have to her state law claims is that portions of them may be of use in her attempt to establish that Continental acted in bad faith. (Pl. Br. at 7.) In and of themselves, however, they provide no remedies for the conduct plaintiff alleges. While the statutes she cites might "regulate insurance," they are simply not germane to the plaintiff's own private action to recover benefits under an ERISA plan. Indeed, under the plaintiff's theory, ERISA would never preempt *any* cause of action in any state that had insurance regulations.

Plaintiff's reading of the savings clause is clearly overbroad and wholly at odds with the Supreme Court's application of it in *Pilot Life.* In *Pilot Life,* the Supreme Court recognized that Congress intended in enacting ERISA to foreclose supplemental and inconsistent state remedies for claims by plan participants:

> ... the detailed provisions of § 502(a) set froth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in

the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

481 U.S. at 54, 107 S.Ct. 1549.

In light of this intent and the statutory language in which it is manifest, the Court has suggested that, notwithstanding ERISA's savings clause, a state insurance regulation that allowed plan participants to obtain remedies that Congress rejected in ERISA would be invalid. *Rush Prudential HMO, Inc. v. Moran,* 536 U.S. 355, 377, 122 S.Ct. 2151, 153 L.Ed.2d 375 (2002). A savings clause must "stop short of subverting congressional intent, clearly expressed 'through the structure and legislative history[,] that the federal remedy ... displace state causes of action.'" *Id.* quoting *Pilot Life,* 481 U.S. at 57, 107 S.Ct. 1549. Thus, even if the Wisconsin statutes and regulation cited by plaintiff did afford plaintiff the remedies she seeks, which they clearly do not, the result would be the same.

I conclude on the basis of *Pilot Life* and *Taylor* that plaintiff's state law claims are preempted by ERISA and, under 28 U.S.C. § 1441(b), her case was removable to federal court. I now turn to her claim that Continental waived its right to proceed in federal court by virtue of the language contained in its policy.

**2. Policy Language**

■ Plaintiff also asserts (indeed, in what appears to be her central argument) that the insurance contract, by its own terms, authorized the filing of suit in either state or federal court. The policy includes a "Statement of ERISA Rights" which states, in relevant part: "If you have a claim for benefits which is denied or ig-

nored, in whole or in part, you may file suit in a State or Federal Court." (Pltf. Br. at 2.) Thus, plaintiff claims, the defendants had no right to remove the case to federal court because the policy language allows a claimant to sue in state court.

First, and most obviously, plaintiff did actually "file suit" in a state court. The fact that the defendants subsequently removed the case to federal court does not mean that they are in violation of the plan's "Statement of ERISA Rights". Second, the right to "file suit in a State or Federal Court" is a phrase taken directly from the model Statement of ERISA Rights found in the federal regulations. *See* 29 C.F.R. § 2520.102–3(t)(2). It would be absurd for the regulations, by virtue of that clause, to effectively bar ERISA defendants from removing cases to federal court. Accordingly, I will not construe a plaintiff's "right to file suit in state court" to mean that the defendants may never remove such cases to federal court.

### 3. Summary Judgment

■ The defendant has moved for summary judgment on the ground that plaintiff brings only state law claims for the denial of benefits and, as those claims are completely preempted by ERISA, there are no genuine issues of material fact and judgment as a matter of law may be granted. Plaintiff opposes the motion on the same grounds as discussed above, namely that this case should be heard in Outagamie County Circuit Court rather than federal court. Plaintiff has not provided any additional argument, however.

There is some support for judgment as a matter of law. In *Maciosek v. Blue Cross & Blue Shield United of Wisconsin*, 930 F.2d 536, 541 (7th Cir.1991), the Seventh Circuit chastised an attorney who brought claims that were obviously preempted but who nevertheless did not plead any ERISA claims in the complaint:

Their decision here to file only state claims in state court, thereby ignoring ERISA, can only be seen as a strategic attempt to avoid removal to federal court. The Macioseks never sought to amend their complaint to add ERISA counts, even after their strategy failed and the case was removed to federal court. They are bound by those decisions.

930 F.2d at 540–41. Under this logic, the plaintiff is essentially held to its strategic decision to try to circumvent ERISA and federal jurisdiction.

An alternative approach, however, relies on the notice pleading motif of the Federal Rules. Although the complaint fails under the plaintiff's legal theories, it nevertheless alerts the defendant to the facts necessary to form a defense. Thus, as Judge Easterbrook has rhetorically asked, "What would be the point of amending the complaint to make explicit [ERISA claims] what the district judge has held is the only possible interpretation of the document?" *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir.1992). Thus, "[i]nstead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations." *Id.*

It seems clear that the decision whether to move forward or to grant summary judgment is one fraught with discretionary and ultimately equitable concerns. In *Jass v. Prudential Health Care Plan, Inc.*, the Seventh Circuit reiterated the notion that dismissal is warranted in the event of "artful pleading of an ERISA case to avoid federal jurisdiction". 88 F.3d 1482, 1491 (7th Cir.1996) The *Jass* court also cited *Shannon v. Shannon*, 965 F.2d 542, 553 (7th Cir.1992), which discussed the tension between Judge Easterbrook's *Bartholet* approach and the *Maciosek* approach, and

found that where counsel deliberately seeks to avoid a federal cause of action by filing only state law claims in a state court, "the case ... begs dismissal."

Although the argument that dismissal is appropriate in this case has substantial merit in light of the cases cited above, I decline to dismiss plaintiff's case entirely at this time. It appears from the complaint that plaintiff's husband did have a valid claim for disability benefits under his employer's plan prior to his death. Thus, it follows that plaintiff may well have a claim for benefits under § 502 of ERISA. 29 U.S.C. § 1132. I see no prejudice to Continental in construing her complaint, as Judge Easterbrook suggests, to allege such a claim. While plaintiffs are sometimes forced to pay the price for pleading decisions their lawyers make, Rule 11, it seems to me, offers a more appropriate way in this case of addressing any unnecessary costs and expenses that Continental may have been forced to incur as a result of defending against plaintiff's state law claims and her effort to remand the case to state court.

IT IS THEREFORE ORDERED that plaintiff's motion to remand is DENIED.

IT IS FURTHER ORDERED that Continental's motion for summary judgment is GRANTED AND DENIED IN PART; the motion is granted as to each of the state law contract and tort claims asserted therein and denied as to a claim for benefits under 29 U.S.C. § 1132.

IT IS FURTHER ORDERED that the parties appear by telephone for a scheduling conference at 9:15 AM on November 17, 2003.